**FRIENDS OF THE EARTH and Atlantic States Legal Foundation, Inc., Plaintiffs–Appellants, Cross–Appellees,**

v.

**EASTMAN KODAK COMPANY, Defendant–Appellee, Cross–Appellant.**

**Nos. 80, 81, Dockets 87–7301, 87–7361.**

United States Court of Appeals, Second Circuit.

Argued Sept. 21, 1987.

Decided Dec. 3, 1987.

Bruce J. Terris, Washington, D.C. (James M. Hecker, Carolyn Smith Pravlik, Terris, Edgecombe, Hecker & Wayne, Washington, D.C., of counsel), for plaintiffs-appellants, cross-appellees.

Jonathan P. Nye, Albany, N.Y. (Philip H. Gitlen, Whiteman Osterman & Hanna, Albany, N.Y., of counsel), for defendant-appellee, cross-appellant.

Before OAKES and KEARSE, Circuit Judges, and BONSAL, District Judge.[*]

BONSAL, District Judge:

This appeal involves the award to the plaintiffs of attorneys' fees and expenses, pursuant to Title V, Section 505 of the Federal Water Pollution Control Act ("the Act"), 33 U.S.C. § 1365(d) (1982), in the amount of $30,000 by Order of the district court (Telesca, J.) filed on March 23, 1987. 656 F.Supp. 513. The underlying action was settled by a Consent Decree entered on June 27, 1986 which provided that in settlement of the plaintiffs' claims defendant would make a contribution of $49,000 to The Conservation Foundation to be used in projects reasonably related to the protection of water quality.

Following the entry of the Consent Decree, plaintiffs applied for an award of $105,212.72 in attorneys' fees, expert witness' fees and expenses. On March 23, 1987 the district court granted plaintiffs' application in part, awarding $30,000 for attorneys' fees and expenses. Plaintiffs appealed on April 10, 1987 and defendant filed a cross-appeal on April 22, 1987.

## STATEMENT OF FACTS

Plaintiffs, Friends of the Earth and Atlantic States Legal Foundation, Inc., are not-for-profit organizations organized under the laws of New York, having members who reside or recreate near the Genesee River, the waterway into which treated wastewater flows from facilities operated by defendant Eastman Kodak Company.

On December 30, 1974 the Administrator of the Environmental Protection Agency ("EPA"), acting pursuant to the Act, 33 U.S.C. § 1342(a) (1982), issued a National Pollutant Discharge Elimination System ("NPDES") permit to the defendant for its King's Landing wastewater treatment facility in Rochester, New York which treats industrial wastewater from Kodak Park. Kodak Park is defendant's largest manufacturing plant and the permit sets limitations on the discharge of pollutants into the Genesee River.

In 1977 EPA transferred its responsibility to administer and enforce the permit to the New York State Department of Environmental Conservation ("DEC"). DEC then reissued the permit as a State Pollutant Discharge Elimination System ("SPDES") permit. (Permit No. NPDES/SPDES NY0001643). The permit required the defendant to file monthly discharge monitoring reports ("DMRs").

On June 10, 1983 plaintiffs served upon defendant notice of their intent to file a citizen suit under the provisions of the Act, 33 U.S.C. § 1365 (1982), to enforce the terms and conditions of the permit. On March 23, 1984 plaintiffs instituted this suit, based on defendant's DMRs, alleging 363 violations of its permit and seeking the following relief:

(a) A declaratory judgment that defendant had violated, and continued to violate, Sections 301 and 402 of the Federal Water Pollution Control Act (33 U.S.C. § 1311 and § 1342);

(b) Enjoining defendant from operating its facility in such a manner as to result in further violation of its permit;

(c) Authorizing plaintiffs for a period of one year to sample or arrange for sampling of discharges from defendant's facility with the cost to be borne by defendant;

(d) Ordering defendant to provide plaintiffs with reports and documents submitted by defendant to federal or state governments regarding its permit;

(e) Ordering the defendant to pay civil penalties of $10,000 per day for each violation, including those listed in the Appendix to the complaint, and subsequent violations (which would total upwards of $12,000,000.);

(f) Awarding plaintiffs their costs, including reasonable attorneys' and expert witness' fees as authorized by Section 505(d) of the Act, 33 U.S.C. § 1365(d).

In September 1984 plaintiffs moved for partial summary judgment and defendant

---

[*] Honorable Dudley B. Bonsal, Senior District Judge for the Southern District of New York, sitting by designation.

cross-moved for summary judgment. On March 29, 1985 the district court denied both motions for summary judgment but granted defendant's motion that the five-year statute of limitations was applicable to plaintiffs' claims (28 U.S.C. § 2462).

Following further discovery and negotiations, the parties agreed to settle the action, their settlement being incorporated in a Consent Decree filed in the district court on June 27, 1986. The Consent Decree provides, in paragraph 4, that in settlement of plaintiffs' claims, defendant would make a contribution in the sum of $49,000 to The Conservation Foundation in full and complete settlement of any claim, legal or equitable, or any penalty, civil or otherwise, under federal or New York law. The Consent Decree states that

> [t]he parties intend that the Conservation Foundation make every effort to expend these funds for projects reasonably related to the protection of water quality and to expend these funds within 18 months after entry of this Decree, and that the Conservation Foundation submit a brief statement to the parties after that time on how the funds have been expended.

Under the Consent Decree each party reserved the right to assert a claim for costs of litigation, including reasonable attorney's and expert witness fees against any other party.

On January 23, 1987 plaintiffs applied for an award of attorneys' fees and expenses in the amount of $105,212.72 pursuant to Section 505(d) of the Act, 33 U.S.C. § 1365(d). Section 505(d) provides that "[t]he court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." The amount sought by the plaintiffs was broken down as follows:

| | |
|---|---|
| Merits Lodestar | $62,381.05 |
| Attorneys' Fees Lodestar | 15,995.45 |
| 25% Contingency Bonus | 19,594.12 |
| Expenses | 7,242.10 |
| Total | $105,212.72 |

Defendant did not contest the reasonableness of the hourly rate or the number of hours expended which were used by plaintiffs in arriving at their lodestar figures.

Defendant opposed plaintiffs' application, contending that plaintiffs were not entitled to any fee award, asserting that the $49,000 payment to The Conservation Foundation indicated only a nuisance value to the lawsuit. The district court awarded plaintiffs $30,000 for attorneys' fees and expenses to be paid by the defendant.

## DISCUSSION

As stated by the plaintiffs, the courts have held that a favorable settlement is sufficient by itself to support an award of attorney's fees without any adjudication or admission of liability. *McCann v. Coughlin*, 698 F.2d 112, 128 (2d Cir.1983). Indeed, plaintiffs may be prevailing parties even if judgment is against them. *Gingras v. Lloyd*, 740 F.2d 210, 213 (2d Cir.1984). Here, in view of the number of violations alleged by the plaintiffs and the penalties sought with respect to each violation, the district court found that the plaintiffs did not prevail sufficiently to entitle them to recover the plaintiffs' proposed lodestar.

In its opinion, the district court noted that both sides agreed that the controlling case is *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983). *Ruckelshaus* was a 5—4 decision under Section 307(f) of the Clean Air Act, an attorney's fee statute similar to the one here involved. In *Ruckelshaus*, plaintiff sued the EPA seeking changes in its rules under the Act, but its suit was unsuccessful. Notwithstanding this lack of success, the Court of Appeals made an award of attorney's fees to the plaintiff. The Supreme Court reversed, the majority holding that absent any success by plaintiff, no award of attorney's fees should be made. The minority argued that attorney's fees could be awarded where no success was attained if the court deemed such an award to be "appropriate." Here, the district court found that some success had been achieved by the plaintiffs and that an award was appropriate.

*DiFilippo v. Morizio*, 759 F.2d 231 (2d Cir.1985) was a proceeding under the Civil Rights Attorney's Fees Awards Act of

1976, 42 U.S.C. § 1988. In that case, plaintiffs appealed from an award of $13,253.73, being a 50% reduction of the lodestar figure. Plaintiffs had sought $27,832.82, being the lodestar figure of $26,507.45 plus 5%. We held that the findings made by the district court did not support a reduction of the lodestar figure, but that since the amount of the lodestar figure was itself subject to question, we remanded the case for reconsideration by the district court. In *Cohen v. West Haven Board of Police Commissioners*, 638 F.2d 496, 505 (2d Cir. 1980), we held that in civil rights cases where a party achieves success on the merits, an award of all reasonable hours at a reasonable hourly rate, i.e. the lodestar figure, is the starting point for determination of a reasonable award. When the lodestar figure is increased or decreased by the district court, it must state its reasons "as specifically as possible." We think the district court below did so.

In *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), a case arising under the Civil Rights Attorney's Fees Awards Act of 1976 (42 U.S.C. § 1988 (1982)), the majority (opinion by Powell, J.) held that where only partial or limited success had been obtained, the lodestar may be excessive and the court should award only the amount of fees that is reasonable in relation to the results obtained. The Court further stated that the district court has discretion to determine the appropriate fee award in view of its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." 461 U.S. at 437, 103 S.Ct. at 1941. We agree.

Plaintiffs contend that the district court failed to take into consideration the contingent nature of the case and that they should be compensated against the risk of losing the case and not being paid. The contingency factor was considered recently by the Supreme Court in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, ⸺ U.S. ⸺, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987). This case involved an application for attorney's fees under the Clean Air Act, 42 U.S.C. § 7604(d) (1982), which contains language identical to 33 U.S.C. § 1365(d) here involved. The Court was sharply divided, four justices concluding that the contingency factor did not permit enhancement of the lodestar figure, four concluding that an upward adjustment of the lodestar for contingency was appropriate, and Justice O'Connor concluding that consideration of contingency was not foreclosed under the Act, but was not applicable in that case.

Since there was no trial and the recovery was minimal, we find no basis for including a contingency factor in the award made below.

In considering whether a bonus should be included for the contingency factor, the rationale that should guide the court's discretion is whether "[w]ithout the possibility of a fee enhancement ... competent counsel might refuse to represent [environmental] clients thereby denying them effective access to the courts." *Lewis v. Coughlin*, 801 F.2d 570, 576 (2d Cir.1986). This position is similar to that taken by the plurality and Justice O'Connor in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, ⸺ U.S. ⸺, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987).

Here, the risks to plaintiffs' counsel appear slight. The evidence consisted of defendant's own DMRs, which have been held sufficient to entitle a plaintiff to summary judgment. *See, e.g., SPIRG v. Fritzsche, Dodge & Olcott*, 579 F.Supp. 1528 (D.N.J.1984), *aff'd*, 759 F.2d 1131 (3d Cir.1985). Plaintiff Friends of the Earth was also one of the plaintiffs in SPIRG. Therefore, it does not appear that a bonus was necessary to attract competent counsel. The district court stated that it did not intend to minimize the important role played by the plaintiffs in the regulatory scheme of the Act. However, the settlement suggests that there was not much of a pollution problem to begin with and that the plaintiffs' proposed lodestar was correctly adjusted downward.

For the foregoing reasons, we affirm the decision of the district court and dismiss defendant's cross-appeal.

AFFIRMED.