Johnnie GILBERT, Horace Walters, Andrew Lockhart, and Billy O'Donald, Appellants/Cross–Appellees,

v.

The CITY OF LITTLE ROCK, ARKANSAS; The Civil Service Commission of the City of Little Rock, Arkansas; Walter E. "Sonny" Simpson, individually and in his official capacity as Chief of Police of the City of Little Rock, Arkansas; and Carlton E. McMullin, individually and in his official capacity as City Manager of the City of Little Rock, Arkansas, Appellees/Cross–Appellants.

Julius Bryant, Jack Matlock, Mixie Alexander, Jesse Briscoe, Grady Anthony, Marcella Wilson, and Larry Bazzelle, Intervenors–Below.

Nos. 87–2128, 87–2189.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 8, 1988.

Decided Jan. 27, 1989.

Philip J. Duncan, Little Rock, Ark., for appellants/cross-appellees.

Edward G. Adcock, Little Rock, Ark., for appellees/cross-appellants.

Before McMILLIAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and HANSON,* Senior District Judge.

McMILLIAN, Circuit Judge.

The court en banc has remanded the non-expert witness fees issues raised in these appeals to the original panel for decision.

In appeal No. 87–2128, Johnnie Gilbert, Horace Walters, Andrew Lockhart, and Billy O'Donald (appellants) appeal from a final order entered in the District Court[1] for the Eastern District of Arkansas limiting appellant Walters's recovery of backpay to $331.73. *Gilbert v. City of Little Rock*, No. LR–C–78–340 (E.D.Ark. Aug. 4, 1987) (order). For reversal, appellants argue the district court erred in refusing to award Walters backpay on the basis of the salary of a lieutenant. In appeal No. 87–2189, the City of Little Rock (the City) cross-appeals from the district court's order awarding appellants $184,969.50 in attorney's fees. For reversal, the City argues that the district court erred in (1) refusing to further reduce the number of compensable hours, (2) refusing to further reduce the award of attorney's fees for failure to completely prevail, and (3) enhancing the award of attorney's fees.

For the reasons set forth below, we affirm the order of the district court, as modified herein.

## BACKGROUND

On September 27, 1978, appellants filed a complaint in district court against the City and others alleging racial discrimination by the City of Little Rock Police Department (LRPD), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f), 42 U.S.C. §§ 1981, 1983, and the fourteenth amendment. Other parties subsequently intervened as plaintiffs. Appellants and intervenors charged LRPD with racial harassment, discriminatory disciplinary policies, and discriminatory promotional policies, and sought injunctive relief and compensatory and punitive damages. The district court found neither intentional discrimination nor disparate impact and dismissed the complaint. *Gilbert v. City of Little Rock*, 544 F.Supp. 1231, 1261 (E.D. Ark.1982). On appeal, this court affirmed the dismissal of the racial harassment and discriminatory discipline claims but remanded the discriminatory promotions claim. *Gilbert v. City of Little Rock*, 722 F.2d 1390 (8th Cir.1983), *cert. denied*, 466 U.S. 972, 104 S.Ct. 2347, 80 L.Ed.2d 820 (1984). The district court on remand again dismissed the discriminatory promotions claim. *Gilbert v. City of Little Rock*, No. LR–C–78–340 (E.D.Ark. June 7, 1985).

On appeal after remand, this court reversed, finding that appellants had been discriminated against on the basis of their race through the LRPD promotional system, and remanded to the district court to determine the compensation to be awarded. *Gilbert v. City of Little Rock*, 799 F.2d 1210 (8th Cir.1986). We instructed that appellants should be permanently promoted to sergeant as soon as positions are available and should be compensated for lost wages and benefits from the date they would have been promoted absent discrimination until they actually were promoted. *Id.* at 1216. We also noted that appellants could apply to the district court for attorney's fees. *Id.*

---

* The Honorable William C. Hanson, United States Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. The Honorable Elsijane T. Roy, United States District Judge for the Eastern District of Arkansas.

On remand, the parties stipulated the amounts of compensation appellants Gilbert, O'Donald, and Lockhart should receive. The parties were unable to agree on the proper compensation for appellant Walters. Walters was actually promoted to sergeant in September 1980, not long after July 1980, the date he would have been promoted absent discrimination. Walters was further promoted to lieutenant in October 1983. The City believed that Walters should be awarded backpay for the period between July 1980, when he would have been promoted to sergeant absent discrimination, and September 1980, when he actually was promoted. Walters maintained that, but for the discrimination, he would have been promoted to *lieutenant* in October 1981, rather than October 1983, and accordingly should be awarded backpay on that basis. The district court ruled in favor of the City because it found to be speculative Walters's claim that he would have been promoted to lieutenant earlier. Slip op. at 2–3.

The district court also ruled on appellants' request for attorney's fees and costs pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988. Three of appellants' attorneys requested an award of attorney's fees: Thomas M. Bramhall, Ralph C. Ohm, and Phillip J. Duncan. Bramhall requested compensation for 153.75 hours at the rate of $125.00 per hour. The City conceded the reasonableness of Bramhall's hours, but challenged the $125.00 hourly rate as excessive. The district court granted Bramhall compensation at the rate of $110.00 per hour and awarded him attorney's fees in the amount of $16,912.50. Slip op. at 5–6.

Ohm sought compensation for 354.94 hours at the rate of $65.00 per hour for his work as an attorney and 239.50 hours at $25.00 per hour for his work as a law clerk. The district court reduced Ohm's attorney hours to 300 and reduced his overall attorney's fee by fifteen percent due to the failure of appellants to completely prevail. *Id.* at 6. The district court also enhanced Ohm's fee by fifteen percent because of "the undesirability of this case, the difficulty of the questions presented, the time and labor required, the length of the professional relationship with [appellants,] and the contingent nature of the fee," *id.*, and awarded Ohm $25,048.75 in attorney's fees. *Id.* at 7.

Duncan requested compensation for 1,662.69 hours at the rate of $125.00 per hour. The district court reduced the number of compensable hours to 1,330 and determined that a reasonable hourly rate was $110.00. *Id.* at 7–8. The district court then reduced and enhanced Duncan's award, as it had previously done with Ohm's fee, and awarded Duncan $143,008.25 in attorney's fees. *Id.* at 8.

As to costs, the district court awarded appellants $3,302.35 for transcript and deposition costs and $3,960.24 for out-of-pocket expenses. *Id.*

Appellants also claimed $93,946.69 in expert witness fees and expenses. The district court noted that "[u]ntil recently, the Court would have been inclined to award [appellants] the lion's share of the expert witness fees requested," *id.* at 9–10, but felt constrained by *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987) (*Crawford Fitting*), to limit the recovery of expert witness expenses to thirty dollars per day. Slip op. at 13. Accordingly, the district court limited its award of expert witness fees to $900.00. *Id.*

A panel of this court affirmed the district court's order as modified and remanded with directions. Appellants' petition for rehearing en banc was granted, thus vacating the panel opinion, because the analysis of the expert witness fees issue was in conflict with *SapaNajin v. Gunter*, 857 F.2d 463 (8th Cir.1988). The order of the district court awarding appellants expert witness fees as expenses under 42 U.S.C. § 1988 at the statutory rate of $30 per day, 28 U.S.C. § 1821, was affirmed by the vote of an equally divided court. The remaining issues were remanded to the original panel for decision. 867 F.2d 1062.

BACKPAY

■ Appellant Walters argues that the district court erred in refusing to award

him backpay calculated with reference to the salary of a lieutenant rather than a sergeant. Absent discrimination, Walters would have been promoted to sergeant in July 1980. Because of this court's determination in *Gilbert v. City of Little Rock*, 799 F.2d 1210, that Walters had been denied promotion on the basis of racial discrimination, he was promoted to "acting" sergeant in September 1980. Walters was paid the salary of a permanent sergeant,[2] but, as an "acting" sergeant, he was ineligible to be considered for promotion to lieutenant. To be eligible for promotion to lieutenant, an officer must have served as a "permanent" sergeant for one year. Walters was promoted to permanent sergeant in 1982 and to lieutenant one year later in October 1983. Walters now argues that he should be awarded backpay at the salary of a lieutenant because, absent discrimination, he would have been promoted to permanent sergeant in 1980, and further promoted to lieutenant in 1981, rather than 1983.

The purpose of backpay is to "mak[e] persons whole for injuries suffered through past discrimination." *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 421, 95 S.Ct. 2362, 2373, 45 L.Ed.2d 280 (1975) (footnote omitted). Backpay is available to remedy discrimination in a promotional system, however, only where the employee would have been promoted absent discrimination. Because backpay is an equitable remedy, there must be some certainty that the promotion would have occurred absent the discrimination. That degree of certainty is absent in the case of appellant Walters. Although he would have been promoted to permanent sergeant in 1980 absent discrimination, Walters's claim that he would then have been promoted to lieutenant in 1981 is nothing more than conjecture. There is no reason to believe that just because Walters was promoted to lieutenant within a year of becoming a permanent sergeant in 1982, he would similarly have been promoted to lieutenant in 1981 within a year of becoming a permanent sergeant in 1980. An award of backpay cannot be made on such a speculative basis.

Accordingly, we hold the district court did not err in refusing to award Walters backpay on the basis of the salary of a lieutenant.

## ATTORNEY'S FEES

■ The City challenges several aspects of the district court's award of attorney's fees. First, the City argues that the district court should have further reduced the number of compensable hours claimed by Phillip J. Duncan. Duncan requested compensation for 1,662.69 hours, and the district court awarded him compensation for 1,330 hours. The City argues that 1,330 hours is an unreasonable figure.

The number of hours to be awarded to a prevailing party under 42 U.S.C. § 1988 is committed to the discretion of the district court. *Williams v. Trans World Airlines, Inc.*, 660 F.2d 1267, 1274 (8th Cir.1981). "The trial judge should weigh the hours claimed against his [or her] own knowledge, experience, and expertise of the time required to complete similar activities." *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir.1974); *see also Ladies Center, Nebraska, Inc. v. Thone*, 645 F.2d 645, 648 (8th Cir.1981). At this stage of the proceedings, "[t]he trial judge is in a much better position to make this appraisal than we are." *Jaquette v. Black Hawk County*, 710 F.2d 455, 461 (8th Cir.1983). The district court has already reduced Duncan's requested compensable hours by 332.69 hours. In view of the complex and extended nature of this litigation, we are unable to hold that the district court abused its discretion in concluding that Duncan should be compensated for 1,330 hours of his legal work.

■ The City also challenges the district court's refusal to further reduce the award of attorney's fees due to the failure of appellants to completely prevail in the litigation. The district court reduced the attorney's fee award by fifteen percent because only four of the thirteen original plaintiffs in this cause were granted relief and a number of appellants' claims were

---

**2.** The district court awarded Walters $331.73 in backpay to compensate him for the period from July to September 1980 that he would have been a sergeant absent discrimination.

found to lack merit. Appellants were successful, however, in prevailing on substantial issues in the case. They demonstrated that the promotional practices of LRPD were racially discriminatory and obtained appropriate relief including backpay. "Where a plaintiff has obtained excellent results, his [or her] attorney should receive a fully compensatory fee.... In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983) (*Hensley*). Furthermore, even where a plaintiff has only partially prevailed on his or her claims, "[a] court should not disallow attorney hours related and necessary to successful claims." *Catlett v. Missouri Highway & Transportation Comm'n,* 828 F.2d 1260, 1270 (8th Cir.1987), *cert. denied,* ── U.S. ──, 108 S.Ct. 1574, 99 L.Ed.2d 889 (1988). Appellants did not completely prevail in this litigation, and the district court reduced their award to reflect that partial failure. The district court "necessarily has discretion in making this equitable judgment," *Hensley,* 461 U.S. at 437, 103 S.Ct. at 1941, and we are unable to conclude that it abused its discretion in reducing the attorney's fee award by fifteen percent.

■ The district court also enhanced the attorney's fee award by fifteen percent due to (1) the undesirability of this case, (2) the difficulty of the questions presented, (3) the time and labor required, (4) the length of the professional relationship with appellants, and (5) the contingent nature of the fee. The City correctly points out that the first four of these five factors cannot serve as bases for enhancing an award of attorney's fees because they are already reflected in the initial determination of the reasonable hourly rate and number of compensable hours. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 564–66, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986) (*Delaware Valley I*); *Blum v. Stenson,* 465 U.S. 886, 898–900, 104 S.Ct. 1541, 1548–49, 79 L.Ed.2d 891 (1984). In *Delaware Valley I,* the Court noted that " '[w]hen ... the ap-

plicant for a fee has carried his [or her] burden of showing that the claimed rate and number of hours are reasonable, the resulting product *is presumed* to be the reasonable fee' to which counsel is entitled." 478 U.S. at 564, 106 S.Ct. at 3098 (emphasis in original), *citing Blum v. Stenson,* 465 U.S. at 897, 104 S.Ct. at 1548. The Court also stated that

the "novelty [and] complexity of the issues," "the special skill and experience of counsel," the "quality of representation," and the "results obtained" from the litigation are presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award. Although upward adjustments of the lodestar figure are are still permissible, such modifications are proper only in certain "rare" and "exceptional" cases, supported by both "specific evidence" on the record and detailed findings by the lower courts.

478 U.S. at 565, 106 S.Ct. at 3098 (citations omitted), *citing Blum v. Stenson,* 465 U.S. at 898–901, 104 S.Ct. at 1548–49. Accordingly, the first four factors enumerated by the district court cannot support its enhancement of the attorney's fee award.

■ The Court in *Delaware Valley I* left open the question whether the risk of loss could serve as a factor supporting enhancement of an award of attorney's fees. The Court returned to that question in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987) (*Delaware Valley II*). Four justices in *Delaware Valley II* reached the conclusion that risk of loss could not serve as an enhancement factor. *Id.* at 107 S.Ct. 3086–89 (White, J., with whom Rehnquist, C.J., and Powell and Scalia, JJ., joined). Justice O'Connor concurred with these four justices on the understanding that although risk of loss was not properly applied on the facts before the Court, Congress did not intend to exclude the possibility of enhancing an attorney's fee award because of the risk of loss. *Id.* at 3089–91 (O'Connor, J., concurring in part and concurring in the judg-

ment). This circuit requires an applicant to "demonstrate that enhancement [is] necessary to attract competent local counsel in light of the risk of loss arising from the [applicant's] contingency fee arrangement." *Catlett v. Missouri Highway & Transportation Comm'n,* 828 F.2d at 1271. *See also Delaware Valley II,* 107 S.Ct. at 3091 (O'Connor, J., concurring in part and concurring in the judgment); *Norman v. Housing Authority,* 836 F.2d 1292, 1302 (11th Cir.1988); *Friends of the Earth v. Eastman Kodak Co.,* 834 F.2d 295, 298 (2d Cir.1987); *Leroy v. City of Houston,* 831 F.2d 576, 583–84 (5th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1735, 100 L.Ed.2d 199 (1988); *Blum v. Witco Chemical Corp.,* 829 F.2d 367, 379–82 (3d Cir. 1987). This is because fee-shifting statutes

> were not designed as a form of economic relief to improve the financial lot of attorneys, nor were they intended to replicate exactly the fee an attorney could earn through a private fee arrangement with his [or her] client. Instead, the aim of such statutes was to enable private parties to obtain legal help in seeking redress for injuries resulting from the actual or threatened violation of specific federal laws.

*Delaware Valley I,* 478 U.S. at 565, 106 S.Ct. at 3098.

The district court's original findings did not focus on the necessity of the enhancement in order to attract competent local counsel in light of the risk of loss arising from the contingent nature of the fee. Because the enhancement was therefore unsupported by the district court's findings, we remanded the case to the district court for the limited purpose of making additional factual findings on this issue while retaining jurisdiction over the appeals. We also instructed the district court to make findings with respect to the extent to which the enhancement was based on the contingent nature of the fee.

After considering affidavits submitted by both parties from lawyers in the local community, the district court found that in the absence of fee enhancement to compensate for the risk of loss arising from the contin-

gency fee arrangement, "[appellants] would have faced substantial difficulty in finding counsel of sufficient competency in this market." *Gilbert v. City of Little Rock,* No. LR–C–78–340, slip op. at 2 (E.D. Ark. Aug. 2, 1988) (order). The district court also clarified that "roughly two-thirds of the enhancement" was attributable to the risk of loss arising from the contingent nature of the fee. *Id.* at 3. We conclude that the district court's enhancement of Ohm's and Duncan's fee award was proper, but only to reflect enhancement solely for the risk of loss due to the contingent nature of the fee. Reducing the enhancement from fifteen percent to ten percent to reflect the extent to which this factor contributed to the enhancement of the fee, we award Ohm $24,220.00, and Duncan $136,790.50 as attorney's fees.

Accordingly, the order of the district court is affirmed as modified herein.