David A. BAILEY

v.

Frank WOOD.

Civ. No. 4–85–1249.

United States District Court,
D. Minnesota,
Fourth Division.

March 23, 1989.

**250**

Gary Hird, Burnsville, Minn., for plaintiff.

Richard L. Varco, Jr., Sp. Asst. Atty. Gen., St. Paul, Minn., for defendant.

### ORDER

ROSENBAUM, District Judge.

Before the Court is plaintiff's counsel's post-trial motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988. Plaintiff, a former Minnesota prisoner, alleged the Oak Park Heights warden, defendant Wood, violated his civil rights by failing to provide safe conditions and adequate protection following a series of threats and attacks by another inmate. Plaintiff prevailed at trial, recovering a jury award of $26,750 for violations of his civil rights and $28,600 as punitive damages pursuant to 42 U.S.C. § 1983. The jury's verdict followed seven days of hard-fought trial. As in any successful prisoner's rights case, the issues in the litigation were complex and the preparation time spent by each side was considerable.

### The Fee Application

In his fee application, counsel for plaintiff submits that his regular billing rate is $80 per hour. He suggests in his affidavit, however, that the average hourly rate for attorneys undertaking civil rights cases in the Minneapolis–St. Paul metropolitan area is $100. Counsel provides no additional affidavits in support of this contention. He seeks fees equal to the number of hours he spent in his representation, multiplied by the $100 rate, for a total of $32,390, plus the $1,153.23 in costs he incurred, which sums aggregate $33,544.23.

Counsel presents alternative theories to justify the enhanced fee award. First, he argues that § 1988 allows a successful party in a § 1983 action "reasonable" attorneys' fees and costs. Counsel suggests that reasonable should be read as hours worked multiplied by the market rate for such representation in the community. Second, he points to a number of cases allowing enhanced fee recovery based on the nature of the litigation, the quality of representation, and the outcome attained. The Court finds each theory is sufficient to sustain counsel's request for $33,544.23.

■ The law surrounding the recovery of attorneys' fees in a civil rights suit is well established. When a plaintiff prevails in a § 1983 case, a court may exercise its discretion in awarding the prevailing attorneys' fees and costs. *Hensley v. Eckerhart,* 461 U.S. 424, 436–37, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983); *Williams v. Trans World Airlines, Inc.,* 660 F.2d 1267, 1274 (8th Cir.1981). Absent unusual circumstances, plaintiff's counsel should recover his fees. *Shakopee Mdewakanton Sioux Community v. City of Prior Lake,* 771 F.2d 1153, 1159 (8th Cir.1985), *cert. denied,* 475 U.S. 1011, 106 S.Ct. 1185, 89 L.Ed.2d 301 (1986). In other words, recov-

ery of attorneys' fees pursuant to §§ 1988 and 1988 is the rule, not the exception. A prevailing attorney, moreover, should recover for all hours devoted to the case. *Martin v. Hancock,* 466 F.Supp. 454, 456 (D.Minn.1979). With these principles in mind, the Court separately considers each theory presented by counsel for plaintiff.

### 1. Hourly Rate

■ Plaintiff normally commands $80 per hour for his legal services, but in this matter he seeks $100 per hour. The logical starting point for any determination of a "reasonable fee" pursuant to § 1988 is the lodestar consisting of hours expended multiplied by a reasonable hourly rate. *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939. It is clear that the reasonable rate may be determined by looking to prevailing market rates in the relevant community. *Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984); *Cunningham v. City of Overland,* 804 F.2d 1066, 1071 (8th Cir.1986).

Counsel for plaintiff contends $100 per hour is a reasonable market rate for the work he performed, offering only his own affidavit to support that conclusion. Defendant disputes the increase to $100 noting the lack of supplemental affidavits or documentation. Yet, defendant offers no evidence to undermine the reasonableness of the $100 request. *See Blum,* 465 U.S. at 891, 104 S.Ct. at 1545.

The Court concludes counsel's request for a $100 per hour rate is most reasonable. The Court, after almost 17 years of practice and 3½ years on the bench, is thoroughly acquainted with attorneys' fees in the Twin Cities metropolitan area; the $100 figure represents a most modest charge. Law firm associates, of ages similar to plaintiff's counsel, having similar numbers of years of experience in Minneapolis or St. Paul certainly bill at, and well above, the $100 rate. The Court notes the hourly fee requested by plaintiff's counsel is less than or equal to fees approved by the Supreme Court some three or five years ago in cases setting the standards for § 1988 awards. *See City of Riverside v. Rivera,* 477 U.S.

561, 565, 106 S.Ct. 2686, 2690, 91 L.Ed.2d 466 (1986) (rate of $125 approved); *Blum,* 465 U.S. at 890, 104 S.Ct. at 1544 (rates of $95 to $105 approved in 1985).

While the fact that counsel has not brought forth additional support for his demand is troubling, it is not fatal. Counsel admits he asks $80 per hour on a regular basis. He might have chosen to omit this fact, and simply stated that the fee for *this* action is $100 per hour. Instead, he has been forthcoming. The Court suggests that the reason defendant's counsel has offered no affidavits in reply is that none would be available. High quality federal court trial practice at $100 per hour is a bargain. The Court does not discern, and there is no suggestion of, "excessive, redundant, or otherwise unnecessary" charges. *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1939–40. There is no reason to disallow the suggested fee.

### 2. Enhancement Factors

The Supreme Court and Eighth Circuit have promulgated a number of guidelines aside from current market rates to determine a "reasonable fee" pursuant to § 1988. These principles strongly support counsel's request for an additional $20 per hour in this matter.

■ A court must consider a series of time-honored intangible factors in considering an upward adjustment. Among them are the time and labor required, the novelty and difficulty of questions presented, the skills required to execute the legal services properly, any preclusion of alternate employment, the attorney's customary fees, any time limitation imposed by the client or the circumstances, the amount involved and results obtained, the desirability of the case, and the nature and length of the professional relationship with the client. *Hensley,* 461 U.S. at 430 n. 3, 103 S.Ct. at 1937 n. 3 (*citing with approval Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974)).

A court may also consider whether plaintiff has challenged an institutional practice or condition, 461 U.S. at 436, 103 S.Ct. at 1941, and whether the result of the litigation has an important social benefit such as

deterring future civil rights violations. *City of Riverside,* 477 U.S. at 574–76, 106 S.Ct. at 2695. Truly exceptional relief obtained by a plaintiff may warrant an upward adjustment. *See McGee v. Hester,* 815 F.2d 1193, 1198 (8th Cir.1987).

A court must also be mindful of the purposes behind § 1988. Simply put, § 1988 is intended to assist private citizens vindicate their rights in court. *Davis v. Parratt,* 608 F.2d 717, 718 (8th Cir.1979). To that end, § 1988 helps attract competent counsel. S.Rep. No. 1011, 94th Cong., 2d Sess. 2–6, *reprinted in* 1976 U.S.Code Cong. & Admin.News 5908, 5910–13. Congress did not want to discourage suits by forcing attorney fees to be deducted from plaintiff's recovery. *Martin,* 466 F.Supp. at 456.

Some of these considerations deserve less weight than others. The Supreme Court has noted, for example, that the novelty and complexity of the case is "fully reflected in the number of billable hours." *Blum,* 465 U.S. at 898, 104 S.Ct. at 1549. The quality of representation is also "reflected in the reasonable hourly rate." 465 U.S. at 899, 104 S.Ct. at 1549. The results obtained are similarly "subsumed within other factors" utilized to determine a reasonable fee and "should not provide an *independent* basis for increasing the fee award." 465 U.S. at 900, 104 S.Ct. 1549–50 (emphasis added).

An upward adjustment may be justified only if the quality of service is "superior to that one reasonably should expect in light of the hourly rates charged" and "the success is 'exceptional.' " 465 U.S. at 899, 104 S.Ct. at 1549 (*quoting Hensley,* 461 U.S. at 435, 103 S.Ct. at 1940). The Supreme Court has specifically noted, and the Court finds it appropriate to consider here, that "there may be circumstances in which the basic standard of reasonable rates multiplied by reasonably expended hours results

in a fee that is . . . unreasonably low." 465 U.S. at 897, 104 S.Ct. 1548.

■ This Court holds that, in this case, a fee calculated on a $80 per hour rate would be "unreasonably low." Although the novelty and complexity of the case and the quality of legal expertise may be represented by the number of hours expended, they cannot be fairly said to be covered by a $80 per hour fee. The $80 fee would certainly deprive plaintiff's counsel of an adequate and reasonable fee.

The results of this case are also truly exceptional. This Court, and any court in review, will surely note that a successful prisoner's rights case is a rarity—defendant argued as much during motions and trial. The burden of proof placed upon a plaintiff is justifiably heavy, and counsel for plaintiff was successful in convincing the jury he met that burden. While the results obtained may not serve as an *"independent"* basis of awarding enhanced fees, the Court will not ignore those results in conjunction with the other factors discussed.

Counsel's familiarity and experience with prisoner cases also lends credence to the hourly fee increase. Counsel has participated in legal assistance programs and other civil rights litigation prior to this lawsuit. His representation followed a referral by one of the directing attorneys of the Legal Assistance to Minnesota Prisoners program. The Court is acutely aware of the complexities involved in this area of the law and witnessed counsel's deft handling of his lawsuit.[1] In this regard, the Court explicitly finds plaintiff's counsel performed a commendable service to this Court, as well as to his client, when he shouldered the heavy burden of a civil rights case for an impecunious plaintiff while facing a formidable defense and long odds. The proposed fee recognizes this service to the Court.

---

1. The only issues in this case were whether defendant had violated plaintiff's civil rights in violation of § 1983. His claim encompassed loss of life, liberty, or property pursuant to the fourteenth amendment and cruel and unusual punishment in violation of the eighth amendment. Since counsel for plaintiff necessarily

focused his attention and energy on solely these issues, the Court need not parse the hours claimed which may have been funnelled into hours properly recoverable pursuant to § 1988 and those spent on other issues. *See Rogers v. Kelly,* 866 F.2d 997, 1001 (8th Cir.1989).

An award of $100 per hour furthers the goals which underlie § 1988. As noted, § 1988 is intended to promote the vindication of individual rights through procurement of competent counsel. Denying plaintiff's counsel his request here may indicate to other similarly situated and talented young lawyers that courts will only give a meager reward for their exceptional efforts, thereby driving away prospective representatives.

The Court notes additional factors justifying the enhanced recovery. Counsel states he spent in excess of 300 hours on this dispute. Although neither side addresses the issue with particularity, it is probable that counsel spent time on this matter—one in which a fee award was *very* speculative—rather than on other matters in which he could be assured his fee. Risk taking is not a factor considered by the Supreme Court or the Eighth Circuit, but no court can ignore counsel's decision to pursue this difficult matter in lieu of more certainly remunerative alternatives.[2] This is precisely the type of sacrifice Congress must have contemplated when creating § 1988. It should be rewarded as such. *See* 122 Cong.Rec. 33312, 33313 (1976) (remarks of Sen. Tunney).

When a fee applicant carries his or her burden of demonstrating "the claimed rate and number of hours are reasonable, the resulting product is presumed to be [a] reasonable fee" pursuant to § 1988. *Blum,* 465 U.S. at 897, 104 S.Ct. at 1548. The Court finds plaintiff's counsel has met his burden here.[3] A $100 per hour rate reasonably compensates counsel for his efforts and expertise and in no way gives him an undeserved "windfall." S.Rep. No. 1011, 94th Cong., 2d Sess. 6, *reprinted in* 1976 U.S.Code Cong. & Admin.News 5908, 5913.

Accordingly, IT IS ORDERED that:

Defendant shall pay to plaintiff $32,390.00 for attorney's fees and $1,154.23 for costs incurred.

LET JUDGMENT BE ENTERED ACCORDINGLY.

---

**2.** For a discussion of the weight to be given the compensatory nature of the litigation in determining fee awards pursuant to § 1988, see *Gilbert v. City of Little Rock,* 867 F.2d 1063, 1067–68 (8th Cir.1989).

**3.** The Court notes counsel specifically demanded the enhanced rate, *see Blum v. Stenson,* 465 U.S. 886, 898, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984), and the Court's decision is made from the record herein. 465 U.S. at 901–2, 104 S.Ct. at 1550.