Tobias J. COTTER, Appellant,

v.

Otis R. BOWEN, Secretary of Health and Human Services of the United States, Appellee.

No. 88–5338.

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1989.

Decided July 12, 1989.

---

George H. Smith, Minneapolis, Minn., for appellant.

Esther R. Scherb, Baltimore, Md., for appellee.

Before WOLLMAN and MAGILL, Circuit Judges, and LARSON,* Senior District Judge.

LARSON, Senior District Judge.

The sole issue presented in this appeal is whether the district court abused its discretion in refusing to apply a multiplier to "enhance" an attorney's fee award under section 206(b)(1) of the Social Security Act. *See* 42 U.S.C. § 406(b)(1).

Section 406 is a *parens patriae* limit on the amount of fees an attorney may receive from a disability claimant, usually an individual of limited resources, who suffers the additional handicap of a severe physical or mental disability. The statute provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be pay-

able or certified for payment for such representation except as provided in this paragraph.

Enacted in part in response to "inordinately large" contingency fee awards, Congress also sought through section 406 to ensure representation of Social Security disability claimants by providing for payment of a "reasonable fee" directly from past due benefits. *See Straw v. Bowen*, 866 F.2d 1167, 1169 (9th Cir.1989); *Rodriquez v. Bowen*, 865 F.2d 739, 744 (6th Cir. 1989) (en banc); *Coup v. Heckler*, 834 F.2d 313, 320–21 (3d Cir.1987).

Unlike the Equal Access to Justice Act, which represents a waiver of the normal principles of sovereign immunity, *see Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir.1988), or fee-shifting statutes such as section 1988 which require losing defendants to pay their opponents' attorney's fees, *see Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 107 S.Ct. 3078, 3081, 3086–87, 97 L.Ed.2d 585 (1987), section 406 is "a statutory interference with the attorney client contractual relationship, which would otherwise be determined by the marketplace for legal services." *Wells*, 855 F.2d at 42 (citation omitted). *See Rodriquez*, 865 F.2d at 743–44. Thus, while a contingent fee agreement is not a "cap" on the reasonable fee award under statutes such as section 1988, *see Blanchard v. Bergeron*, — U.S. —, 109 S.Ct. 939, 946, 103 L.Ed.2d 67 (1989), section 406 specifically provides for a maximum 25% contingency fee. *See* 42 U.S.C. § 406(b)(1).

Plaintiff's counsel in this case requests the Court to award the 25% maximum fee, or at least to enhance the district court's "lodestar" fee award based upon the contingency fee arrangement approved by plaintiff, the delay in obtaining a fee award, and the favorable results achieved on behalf of the plaintiff. In reviewing the district court's fee award, we consider whether "the district court's findings were clearly erroneous as to the factual basis for

* The Honorable EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

the award, or whether it committed abuse as to the discretional margin involved in its allowance." *Jorstad v. IDS Realty Trust,* 643 F.2d 1305, 1312 (8th Cir.1981). *See Pierce v. Underwood,* —— U.S. ——, 108 S.Ct. 2541, 2553, 101 L.Ed.2d 490 (1988); *Blum v. Stenson,* 465 U.S. 886, 896, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984). The district court is often in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe first-hand counsel's representation on the substantive aspects of the disability claim. *See generally Blum,* 465 U.S. at 899, 104 S.Ct. at 1549; *Gilbert v. City of Little Rock,* 867 F.2d 1063, 1066 (8th Cir.1989).

## I.

We begin our review with a summary of the relevant facts. Plaintiff Cotter initially filed for Social Security disability benefits on November 30, 1977, alleging he became disabled in March, 1975. His claim was denied by an Administrative Law Judge (ALJ) in March of 1979, and plaintiff, who was not represented by counsel at the time, did not appeal this decision.

Plaintiff filed a second application for benefits on August 29, 1980, alleging he became disabled as of February, 1976. After an ALJ again issued a decision denying benefits, plaintiff retained counsel in July, 1982, and executed a retainer agreement providing for direct payment "on the basis of recovery" of "all amounts as certified by the Secretary as and for attorney fees, or twenty-five (25%) percent of the net award, whichever is smaller."

After numerous appeals and remands, plaintiff's counsel succeeded in obtaining a ruling from the Appeals Council that plaintiff was entitled to disability benefits commencing in February, 1976. In reaching its decision, the Appeals Council found good cause for reopening the first ALJ's decision in March, 1979, and adopted the most recent ALJ's recommendation that the claimant be found totally disabled as of February, 1976. Plaintiff was awarded past due benefits of $47,499.30, 25% or $11,874.83 of which was withheld by the Secretary pending a determination of the appropriate attorney fee award.

On January 20, 1988, counsel petitioned the Secretary for an award of fees of $2,300 for 23 hours of work performed before the agency. *See* 42 U.S.C. § 406(a).[1] The Secretary approved this request on February 25, 1988, leaving $9,574.83 available for a possible award of attorney's fees for court-related services. On January 27, 1988, counsel petitioned the court for attorney's fees under both the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), and the Social Security Act, 42 U.S.C. § 406(b)(1). Counsel requested $4,020 as compensation for 33.5 hours under the Equal Access to Justice Act (30 hours of court-related time plus 3.5 hours for preparing the fee application at an hourly rate of $120), and $9,574.83 as compensation under the Social Security Act (reflecting a total fee award of 25% of past due benefits).

The matter was initially referred to a Magistrate, who awarded $2,572.50 under the Equal Access to Justice Act (33.5 hours of court-related services at $75 per hour, plus $60 for the filing fee).[2] The Magis-

---

**1.** The matter of fees for legal services before the Secretary is committed to the responsibility of the Secretary exclusively, and compensation for work before the agency may only be authorized by the agency. *Gowen v. Bowen,* 855 F.2d 613, 618 (8th Cir.1988).

**2.** Counsel's EAJA award is not at issue in this appeal, and we express no opinion on the court's refusal to increase the statutorily-mandated $75 hourly rate based upon "the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved." 28 U.S.C. 2412(d)(2)(A)(ii).

*See generally Pierce v. Underwood,* —— U.S. ——, 108 S.Ct. 2541, 2553–55, 101 L.Ed.2d 490 (1988) (contingent nature of fee does not justify increase in $75 rate); *Wells v. Bowen,* 855 F.2d 37, 42–43 (2d Cir.1988) (affirming award at rate of $90 per hour to reflect cost of living increase).

Counsel properly indicated at oral argument that the EAJA award, as the smaller of the two fee awards for court-related services, would be given to his client. *See generally Talbott v. Bowen,* 832 F.2d 111, 112 (8th Cir.1987); *Brissette v. Heckler,* 784 F.2d 864, 865 n. 1 (8th Cir.1986).

trate also ruled counsel was entitled to compensation under the Social Security Act for 30 hours of court-related services at a reasonable hourly rate of $100 per hour, or $3,000. The Magistrate "enhanced" this award by a multiplier of 1.5 to $4,500 in view of the "unusual delay and contingent nature of plaintiff's claim."

The Secretary objected to the use of a multiplier, and the district court,[3] after a *de novo* review of the record, held that a reasonable fee award in this case would be $3,600, for 30 hours of court-related services at an hourly rate of $120 per hour.[4] The district court declined any further enhancement, and plaintiff has appealed.

## II.

Conceding that the court is not bound by the contingency fee agreement between the plaintiff and his attorney in this case, *see, e.g., Rohrich v. Bowen*, 796 F.2d 1030, 1031 (8th Cir.1986); *Brissette v. Heckler*, 784 F.2d 864, 866 (8th Cir.1986), plaintiff's counsel nonetheless argues that in view of the results achieved, the delay in receiving payment of fees, and the client's approval of a 25% contingency fee, an award of the maximum statutory amount is justified.

The Secretary, on the other hand, argues that in view of the Supreme Court's decision in *Pennsylvania v. Delaware Valley Citizens' Counsel for Clean Air (Delaware Valley II)*, 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987), contingency enhancements may only be given in very limited circumstances, that is, where the claimant otherwise "would have faced substantial difficulties in finding counsel in the local or other relevant market." *Id.* 107 S.Ct. at 3091 (J. O'Connor, concurring in part and concurring in judgment). *See Gilbert v. City of Little Rock*, 867 F.2d 1063,

1067–68 (8th Cir.1989); *Catlett v. Missouri Highway & Transportation Comm'n*, 828 F.2d 1260, 1271 (8th Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 1574, 99 L.Ed.2d 889 (1988). The Secretary also argues that delay is effectively accounted for in the reasonable hourly rate, and that the quality of services rendered was *not* superior to the quality one reasonably should expect in light of the hourly rates awarded, nor was the success "exceptional." *See Delaware Valley II*, 107 S.Ct. at 3081–82; *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air (Delaware Valley I)*, 478 U.S. 546, 565–68, 106 S.Ct. 3088, 3098–3100, 92 L.Ed.2d 439 (1986); *Blum v. Stenson*, 465 U.S. 886, 899–900, 104 S.Ct. 1541, 1549–1550, 79 L.Ed.2d 891 (1984).

We consider the "contingency" factor first. Members of the Supreme Court have alternately described this factor as the risk of losing rather than winning in a particular case, based upon how unsettled the applicable law is and how likely it is that the facts could be decided against the complainant, *Delaware Valley II*, 107 S.Ct. at 3081 (plurality), and the risk of nonpayment associated with contingent employment as a class, as opposed to non-contingent employment. *Id.* 107 S.Ct. at 3097 (J. Blackmun, dissenting). Justice O'Connor's concurring opinion in *Delaware Valley II*, which forms the majority's decision on the standard to be applied under section 304(d) of the Clean Air Act, rejects enhancement based upon the risks of a particular case, but allows enhancement where the applicant can establish that without an adjustment for risk, the prevailing party "would have faced substantial difficulties in obtaining counsel in the local or other relevant market." *Id.* 107 S.Ct. at 3091 (J. O'Con-

---

**3.** The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

**4.** We note that this figure, only $900 less than the original fee award, was the fee recommended by the Secretary. While the Secretary undoubtedly has standing to participate in fee matters, we question the Secretary's need for prolonging what has already been a lengthy process by an appeal to the district court in this

case, when the fee awarded by the Magistrate was less than 10% of the claimant's back benefit award, and the claimant indicated his willingness to the Magistrate to pay 25% of his back benefits to his attorney. We tend to agree with the Third Circuit's observation that the Secretary's role in fee matters generally should be limited to a recommendation to the court as to the reasonable fee. *See Coup v. Heckler*, 834 F.2d 313, 325 (3d Cir.1987).

nor, concurring in part and concurring in judgment).

The Secretary candidly and commendably admits that other circuits have not applied *Delaware Valley II*, which involved an award of attorney's fees under a typical fee-shifting statute, to Social Security fee decisions. These courts have reasoned that the concerns which motivated the plurality in *Delaware Valley II* simply are not relevant to determining a reasonable fee under the Social Security Act, where the fee is paid by the client, not the opposing party. *See, e.g., Rodriquez v. Bowen*, 865 F.2d 739, 745–46 (6th Cir.1989) (en banc); *Wells v. Bowen*, 855 F.2d 37, 44–46 (2d Cir.1988); *Coup v. Heckler*, 834 F.2d 313, 324 (3d Cir.1987). *But see Donahoe v. Bowen*, 674 F.Supp. 516, 518 (D.Md.1987).

In fashioning an approach to be used under the Social Security Act, the Sixth Circuit has recently held the standard 25% contingency fee agreement between attorney and client should be given the weight ordinarily accorded a rebuttable presumption, with deductions made primarily (1) for delay occasioned by counsel's improper conduct or ineffectiveness and (2) if counsel would otherwise enjoy a "windfall" because of either an inordinately large benefit award or from minimal effort expended. *Rodriquez*, 865 F.2d at 746–47.

The Second Circuit has retained the traditional "lodestar" method of fee-setting for Social Security cases, under which the number of hours reasonably worked on a case are multiplied by a reasonable hourly rate, and the product, or "lodestar" may be further enhanced to reach a "reasonable fee" based upon the specific facts of each case. *See Wells*, 855 F.2d at 43–46. Under the Second Circuit's approach, the district court has discretion to decide how much weight to assign to the risks assumed by the attorney, but must, where a contingent fee

agreement is involved, articulate on the record the weight assigned to the risks of contingency in its calculation of a fee. *Id.* at 46. *Cf. Straw v. Bowen*, 866 F.2d 1167, 1169–70 (9th Cir.1989) (contingent fee must be factored into determination of reasonable hourly rate, but does not justify tripling based on facts of case).

We agree with our sister circuits that *Delaware Valley II*'s holding concerning contingency enhancements under the Clean Air Act should not be mechanically applied to Social Security fee determinations. While the "rebuttable presumption" and traditional "lodestar" approaches may in the end result in much the same "reasonable fee," we find the lodestar approach more consistent with the statutory mandate of a reasonable fee, with 25% of past due benefits representing the *maximum*, as opposed to the standard, attorney's fee. *See Rodriquez*, 865 F.2d at 748–49 (J. Wellford, concurring in part and dissenting in part); *Starr v. Bowen*, 831 F.2d 872, 874 (9th Cir.1987). *See generally Blanchard v. Bergeron*, —— U.S. ——, 109 S.Ct. 939, 945, 103 L.Ed.2d 67 (1989) (noting "lodestar" approach forms the "centerpiece" of attorney's fee awards under section 1988).

In calculating the lodestar in this case, the district court determined that an hourly rate of $120 was reasonable in light of the twelve factors initially set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974), and referred to by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 430 n. 3, 103 S.Ct. 1933, 1937 n. 3, 76 L.Ed.2d 40 (1983). These factors include those counsel urges us to take into account to further enhance the award given in this case, namely, the contingent nature of the fee agreement, the results obtained, and the delay in receiving payment of fees.[5]

---

5. The twelve factors are:
    (1) the time and labor required;
    (2) the novelty and difficulty of the questions;
    (3) the skill requisite to perform the legal service properly;
    (4) the preclusion of employment by the attorney due to acceptance of the case;
    (5) the customary fee;
    (6) whether the fee is fixed or contingent;
    (7) time limitations imposed by the client or the circumstances;
    (8) the amount involved and the results obtained;
    (9) the experience, reputation, and ability of the attorneys;
    (10) the "undesirability" of the case;
    (11) the nature and length of the professional relationship with the client; and

In *Hensley,* the Supreme Court noted that while the *Johnson* factors may be employed to adjust the lodestar fee upward or downward, "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley,* 461 U.S. at 434 n. 9, 103 S.Ct. at 1940 n. 9. Recognizing that the Supreme Court's *Hensley* decision adopted a "hybrid approach" which shared elements of both *Johnson* and the lodestar method of calculation, the Ninth Circuit has retained all twelve factors as possible reasons for enhancement in Social Security disability cases. *Straw,* 866 F.2d at 1169–70; *Starr,* 831 F.2d at 874.

The starting point in all cases is, however, the calculation of the lodestar. There is no dispute in this case that 30 hours were reasonably spent by plaintiff's counsel in performing court-related services. In determining the "reasonable hourly rate" or "prevailing market rate," courts most often turn first to the requesting attorney's own hourly rate in non-contingency fee cases or to the rates charged in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *See Blum v. Stenson,* 465 U.S. 886, 895–96 n. 11, 104 S.Ct. 1541, 1547–1548 n. 11, 79 L.Ed.2d 891 (1984); *Jorstad v. IDS Realty Trust,* 643 F.2d 1305, 1313 (8th Cir.1981).

Plaintiff's attorney submitted no direct evidence in this regard; the record reveals only that he sought and received $100 per hour for services performed before the agency in this case. The Secretary has referred to several unpublished district court decisions from Minnesota which applied a $100 hourly rate as well, and this was the "reasonable hourly rate" initially adopted by the Magistrate in this case.

*See generally Straw,* 866 F.2d at 1170; *Losco v. Bowen,* 638 F.Supp. 1262, 1265 (S.D.N.Y.1986).

Assuming $100 represents the prevailing hourly rate, consideration of the twelve *Johnson* factors may then lead a court to revise the attorney's own or the prevailing rate up or down. In *Brissette v. Heckler,* 784 F.2d 864 (8th Cir.1986), for example, this Court reversed a $60 hourly rate in determining the proper compensation for time spent on an appeal in a Social Security disability case, holding that $120 per hour more accurately reflected the "high risk nature of the case," where the petitioning counsel had agreed to take the case only after legal aid lawyers had declined to pursue an appeal on the claimant's behalf. *Id.* at 866. Counsel in *Brissette* "obviously accepted a case with a high risk of loss," which the $120 hourly rate was intended to provide compensation for. *Id.* at 865–66.

■ The district court in this case stated it found a $120 hourly rate justified based upon its consideration of the *Johnson* factors. Plaintiff's counsel bears the burden of showing the reasonable hourly rate thus adopted must be further enhanced to constitute a "reasonable fee." *Blum,* 465 U.S. at 898, 104 S.Ct. at 1548. We find plaintiff has failed to meet that burden in this case. While the results achieved were very good, we agree with the district court that this is not the "rare case" where the results were "exceptional" and the service rendered surpassed that which would be expected in light of the hourly rate awarded. *See Delaware Valley I,* 478 U.S. at 567–68, 106 S.Ct. at 3099–3100; *Blum,* 465 U.S. at 899, 104 S.Ct. at 1549.

Moreover, while delay which is not the fault of plaintiff's counsel clearly should be

(12) awards in similar cases.
*See Hensley v. Eckerhart,* 461 U.S. 424, 430 n. 3, 103 S.Ct. 1933, 1937 n. 3, 76 L.Ed.2d 40 (1983). Since *Hensley,* the Supreme Court has interpreted these factors several times as they apply to fee decisions under fee-shifting statutes such as section 1988. *See Blanchard v. Bergeron,* — U.S. —, 109 S.Ct. 939, 943–45, 103 L.Ed.2d 67 (1989); *id.* 109 S.Ct. at 946–47 (J. Scalia, concurring in part and concurring in judgment); *Penn-*

*sylvania v. Delaware Valley Citizens' Council for Clean Air (Delaware Valley II),* 483 U.S. 711, 107 S.Ct. 3078, 3085–86, 97 L.Ed.2d 585 (1987); *Pennsylvania v. Delaware Citizens' Council for Clean Air (Delaware Valley I),* 478 U.S. 546, 562–66, 106 S.Ct. 3088, 3096–99, 92 L.Ed.2d 439 (1986); *Blum v. Stenson,* 465 U.S. 886, 893–95, 897 n. 13, 104 S.Ct. 1541, 1548 n. 13, 79 L.Ed.2d 891 (1984).

compensated for in a Social Security attorney's fee award, *cf. Rodriquez*, 865 F.2d at 746–47 (reducing 25% contingency fee where delay caused by counsel's improper conduct), delay is normally compensated for in the "reasonable hourly rate," either by basing the award on current rates or by adjusting the fee based on historical rates to reflect its present value. *Delaware Valley II*, 107 S.Ct. at 3081. There is nothing in this record to suggest the $120 hourly rate failed to compensate plaintiff's counsel fully for the delay in his receipt of fees in this case.

■ Finally, while the contingent fee arrangement between plaintiff and his counsel must also be considered as a factor in determining a "reasonable fee," *see Blanchard v. Bergeron*, — U.S. —, 109 S.Ct. 939, 943–44, 103 L.Ed.2d 67 (1989); *Straw*, 866 F.2d at 1170–71, and may also support an additional "enhancement" or "multiplier" under section 206 of the Social Security Act, *see Wells*, 855 F.2d at 45–46, we cannot say the district court abused its discretion in holding the lodestar fee fully compensated for the contingent nature of the fee arrangement in this case.

### III.

■ In determining a "reasonable fee" under the Social Security Act, district courts should be guided by the joint purposes of section 406: to promote the adequate representation of potentially disabled individuals through a reasonable attorney's fee while at the same time preventing too great a reduction in a claimant's already inadequate stipend in the event the claimant is found disabled. *Gowen v. Bowen*, 855 F.2d 613, 619 (8th Cir.1988) (citation omitted). *See Straw*, 866 F.2d at 1171; *Coup*, 834 F.2d at 325. If a contingent fee agreement has been entered into by the claimant, this factor should be considered by the district court in setting a "reasonable fee," as should the factors of delay and results obtained. Specific findings should be made on the weight being as-

signed each factor in determining a "reasonable hourly rate." Where the fee applicant demonstrates that the "lodestar" thus calculated does not adequately take these factors into account, an "enhancement" or "multiplier" may be appropriate.

Under the facts and record as presented by plaintiff's counsel in this case, however, we cannot say the district court, which ruled on both the merits and the fee aspects of this case, abused its discretion in increasing the hourly rate adopted by the Magistrate to $120 per hour and refusing to further enhance the award by use of a multiplier.

Accordingly, the judgment of the district court is affirmed.