**Charles D. YORK, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES.**

No. 79–0639–CV–W–4–3.

United States District Court, W.D. Missouri, W.D.

March 19, 1984.

---

Dennis Jennings, Kansas City, Mo., for plaintiff.

Judith Strong, Kansas City, Mo., for defendant.

### ORDER

ELMO B. HUNTER, District Judge.

Defendant has requested an additional sixty days in which to report to the Court

*See* note 1, *ante.*

the results of the calculations of past-due benefits due the claimant in this case. At the time this Court found against the defendant on the merits of the case, the Court ordered defendant to report the results of the calculations within forty days of the date of that order. The Court took this action because of the undue delay that has been occurring in these cases. The court was informed by government counsel that the Secretary, in the ordinary course, makes no effort to calculate post-due benefits until the time for appeal has run whether or not the case is to be appealed. After that time has run it often takes months for action to be taken on the calculations. This delay has an adverse effect on the parties and the system. The plaintiff, found to be entitled to a monetary payment, must wait for months for the bureaucratic wheels even to begin rolling. The people who are receiving these payments are typically among the least able of litigants to bear protracted delays. The agreement between the Justice Department and the Department of Health and Human Services adds a totally unnecessary delay to a wait that is already too long. The lawyers for the claimant, who have been encouraged by Congress to take these cases, and who often are undercompensated at best for such effort, must wait until the Secretary gets around to the calculation before receiving approval from the Court of the attorney fee charged. Unnecessary delays in this procedure undermine the incentive Congress intended to exist to encourage attorneys to represent social security claimants. Among other factors, these considerations counsel against this Court's approval of the agreement entered into to delay processing.

Under this Court's order of January 23, 1984, the Secretary was to calculate the payments due and to report the results of the calculation by March 5, 1984. The Secretary, waiting until the day such report was due to inform the Court that no effort was under way to comply with the terms of the order, informs the Court that no calculations were made because the Department of Justice has agreed that no calculations need be made until after March 23, 1984, the date on which the time for appeal of this case runs out. The Secretary is reminded that it is the order of this Court, not the order of the Justice Department, that required that the calculations be reported by March 5. Any agreement by the Justice Department to the contrary has no effect on the order. This Court is very well aware of the many delays that are unfortunately inherent in the administrative/judicial process, and that many of these delays are unavoidable. The delay in dispute, however, does not appear to be one of them.

Accordingly, it is hereby ORDERED

that the time within which the Secretary may comply with this Court's prior order requiring a report on the completed calculations of past-due benefits is extended to fifteen days after the date of this order.