**William H. BASS, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Florence BISHOP, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Doris M. ELLIS, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. Nos. 83–703–A, 83–704–A and 84–4–A.**

United States District Court, S.D. Iowa, C.D.

Sept. 24, 1984.

---

**1.** *See Federation of Westinghouse Independent Salaried Unions v. Westinghouse Electric Corp.,*

736 F.2d 896 (3d Cir.1984).

---

Robert W. Pratt, Des Moines, Iowa, for plaintiff.

Richard C. Turner, U.S. Atty., S.D. of Iowa, Robert C. Dopf, Asst. U.S. Atty., Des Moines, Iowa, for defendant.

STUART, Chief Judge.

By Order dated August 23, 1984, the Court ordered that these actions be consolidated, and that the parties prepare and file briefs on the issues concerning interest-payment and attorney fees. The briefing is completed and the matters of statement of accrued past-due benefits and attorney fees are now fully submitted and ready for ruling.

Each of the plaintiffs in these actions received Social Security benefits until the Secretary decided that the plaintiffs' conditions of disability no longer existed, and terminated each plaintiff's benefits. Then, each plaintiff spent one and one-half to two years in administrative and judicial proceedings, without benefits, seeking to have his or her benefits restored. By separate orders issued on July 20, 1984, the Court ordered the Secretary to re-instate each plaintiffs' full benefits as of the date the Secretary had terminated the benefits. The Secretary's appeal-period ran on September 18, 1984. The Secretary did not appeal any of the judgments issued in plaintiffs' favor.

Plaintiffs each seek an attorney-fee allocation of twenty-five percent of accrued past-due benefits, under 42 U.S.C. Section 406(b)(1). The Secretary requests that the Court not certify the requested attorney-fee allocation until she files her statement of accrued past-due benefits, and plaintiffs' attorney (each plaintiff is represented by the same attorney) files a statement of hours and services.

I. Statement of Accrued Past-due Benefits

The Secretary has not filed the statements of accrued past-due benefits due and currently owing to each of the plaintiffs. The Court takes judicial notice that the Secretary commonly fails to file her statement of accrued past-due benefits until months after her right to appeal has run, sometimes a half-year after the order requiring calculation of accrued past-due benefits is filed. *E.g., McClemons v. Heckler,* No. 83–848–C (S.D.Iowa, Ruling & Order Mar. 19, 1984) (six months between Judgment-filing and Statement-filing); *Lazio v. Heckler,* 81–129–D–1 (S.D.Iowa, Ruling & Order Mar. 19, 1984) (six months between Judgment-filing and Statement-filing); *Bonice v. Heckler,* 82–221–D–1 (S.D.Iowa, Ruling & Order Sept. 12, 1984) (six months between Judgment-filing and Statement-filing); *Rhoades v. Heckler,* 582 F.Supp. 1090 (S.D.Iowa 1984) (four months between Judgment-filing and Statement-filing). The effects of the Secretary's failure to expedite the preparation of the statement of accrued past-due benefits are:

1. Each plaintiff must carry the burden of debts incurred over one to two years, for several additional months after it is finally adjudicated that the Secretary erred in terminating plaintiff's benefits. This situation is made more unacceptable because the people in plaintiffs' position are typically among the least able in our society to sustain the burden of such debts. *York v. Heckler*, 582 F.Supp. 768, 769 (W.D.Mo.1984).

2. Delaying the payment of plaintiffs' attorney. By doing this, the Secretary creates a disincentive to attorneys who might otherwise represent those, like plaintiffs, whose benefits wrongfully terminated. This is contrary to the intent of Congress in enacting Section 406(b)(1). *Id.*

3. Allowing the Secretary to benefit by retaining the interest that accrues on the past-due benefits owed plaintiffs, on each day after the Secretary's appeal-period has passed.

The Court will no longer tolerate this. The Secretary must file the statement of accrued past-due benefits in a reasonably timely manner, as ordered below.

II. Attorney-fee Allocation under Section 406(b)(1)

The Court has authority to certify that plaintiffs' attorney receive up to twenty-five percent of each plaintiff's accrued past-due benefits as a fee. The fee certified must be reasonable. 42 U.S.C. Section 406(b)(1). In order to determine the reasonableness of the fee allocation, the Court must know the amount of accrued past-due benefits. Accordingly, the Court will require the Secretary to file the statement of accrued past-due benefits before it determines the attorney-fee issue.

IT IS THEREFORE ORDERED that the Secretary shall file statements of accrued benefits in these actions by ten days after her appeal-period ran. The date on which the statements of accrued benefits must be on file is September 28, 1984.

IT IS FURTHER ORDERED that the Court will reserve ruling on the attorney-fee allocation issue until after September 28, 1984.