**Jerry D. TALBOTT, Appellant,**

v.

**Otis R. BOWEN, Secretary of Health & Human Services, Appellee.**

**No. 86–2507.**

United States Court of Appeals, Eighth Circuit.

Aug. 17, 1987.

Before LAY, Chief Judge, and TIMBERS and WOLLMAN, Circuit Judges.

## ORDER

Application has been made to the Court by claimant's counsel for attorney's fees to be awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412. The Court finds that claimant's counsel is entitled to attorney fees under the Act based upon the Secretary's failure to apply the plain language of its own regulations as they relate to light work. The Court finds that the claimant's counsel is entitled to attorney's fees for 63.75 hours at $75.00 per hour, totaling $4,781.25, plus expenses incurred in the sum of $289.83.

Claimant's counsel is also entitled to attorney's fees in the amount of 25% of claimant's past due benefits, pursuant to a contingent fee contract. However, the Court finds claimant's counsel is not entitled to receive both fees. The Court rules that claimant's counsel may receive the maximum of the greater amount found to be reimbursable under the EAJA, or the 25%. In other words, the total amount awarded shall not be greater than the larger amount of the two fees. If claimant's counsel's fee under the EAJA of $4,781.25 exceeds the amount of the contingent fee contract, then counsel will not collect anything from the claimant's back benefits.

On the other hand, if the award received under the EAJA of $4,781.25 is less than the 25% contingent fee contract based upon back benefits, then claimant's counsel may collect from the claimant the difference between the 25% award and the award under the EAJA.

IT IS SO ORDERED.