Henry M. SHEPHERD, SSN:
478–84–3269, Plaintiff,

v.

John CALLAHAN, Ph.D.,[1] Commissioner
of Social Security, Defendant.

Civil No. 4–96–CV–90541.

United States District Court,
S.D. Iowa,
Central Division.

July 1, 1997.

---

1. President Clinton appointed John J. Callahan to serve as Acting Commissioner of Social Security, effective March 1, 1997, to succeed Shirley S. Chater. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, John J. Callahan is hereby substituted for Shirley S. Chater as defendant in this action.

George W. Appleby, Des Moines, IA, for Plaintiff.

John E. Beamer, Asst. U.S. Atty., Des Moines, IA, for Defendant.

## MEMORANDUM OPINION AND ORDER OF REVERSAL

PRATT, District Judge.

Plaintiff Henry M. Shepherd seeks judicial review of the Social Security Commissioner's decision denying his insurance benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and 1381 *et seq.* This court may review a final decision by the Commissioner. 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff filed an application for disability benefits on April 20, 1994, claiming an onset of disability date of January 26, 1993. His applications were denied initially and upon reconsideration. After a hearing, Administrative Law Judge Jean M. Ingrassia (ALJ) issued a decision on May 5, 1995, denying benefits. On May 17, 1996, the Appeals Council denied Plaintiff's request for review. Plaintiff filed this Complaint on July 16, 1996.

## STANDARD OF REVIEW

In reviewing administrative decisions, it is the duty of the Court to evaluate all of the evidence in the record, taking into account whatever in the record fairly detracts from the ALJ's decision. *Universal Camera Corp., v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 464–65, 95 L.Ed. 456 (1951); *Piercy v. Bowen,* 835 F.2d 190, 191 (8th Cir.1987). *Easter v. Bowen,* 867 F.2d 1128, 1131 (8th Cir.1989). In *Gavin v. Heckler,* 811 F.2d 1195 (8th Cir.1987) the Court, in articulating the appropriate role upon review, wrote:

We believe, however, that the magistrate failed to review the record in the manner dictated by precedent of both this court and the United States Supreme Court. It is not sufficient for the district court to simply say there exists substantial evidence supporting the Secretary and therefore the Secretary must be sustained. The substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the Secretary's findings. *Parsons v. Heckler,* 739 F.2d 1334, 1339 (8th Cir.1984). While such a broad-based search is appropriate where a reviewing court considers the sufficiency of evidence to support a jury's verdict, *see. e.g., DeWitt v. Brown,* 669 F.2d 516, 523 (8th Cir.1982) ("a jury verdict will be sustained so long as there is 'substantial evidence' or 'a reasonable basis in fact' for the jury's conclusion") (quoting *Gisriel v. Uniroyal, Inc.,* 517 F.2d 699, 701 n. 6 (8th Cir.1975)), it is not to be employed on review of an administrative decision.

There is a notable difference between "substantial evidence" and "substantial evidence on the record as a whole." *See Jackson v. Hartford Accident and Indemnity Co.,* 422 F.2d 1272, 1277 (8th Cir.) (Lay, J., concurring), *cert. denied,* 400 U.S. 855, 91 S.Ct. 86, 27 L.Ed.2d 92 (1970). "Substantial evidence" is merely such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. National Labor Relations Bd.,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938); *Smith v. Schweiker,* 728 F.2d 1158, 1162 (8th Cir.1984). "Substantial evidence on the record as a whole," however, requires a more scrutinizing analysis. *Smith v. Heckler,* 735 F.2d 312, 315 (8th Cir. 1984). In the review of an administrative decision, "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. National Labor Relations Bd.,* 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951). Thus, the court must also take into consideration the weight of the evidence in the record and apply a balancing test to evidence which is contradictory. *See Steadman v. Securities and Exchange Commission,* 450 U.S. 91, 99, 101 S.Ct. 999, 1006, 67 L.Ed.2d

69 (1981). It follows that the only way a reviewing court can determine if the entire record was taken into consideration is for the district court to evaluate in detail the evidence it used in making its decision and how any contradictory evidence balances out.

## ALJ'S FINDINGS

Plaintiff met the earnings requirement of the Act on his alleged onset of disability date and continued to meet them through the end of March, 1997. Tr. P. 154. The ALJ, following the sequential evaluation found at 20 C.F.R. §§ 404.1520, 416.920, found that Plaintiff has not engaged in substantial gainful activity since January 26, 1994. The ALJ found that Plaintiff has severe impairments: degenerative disc disease with complaints of pain in his neck; headaches; and, depression. The ALJ found that none of Plaintiff's impairments are severe enough to meet or equal an impairment listed in Appendix 1, Subpart P, Regulations No. 4. The ALJ found that Plaintiff is unable to do any of his past relevant work, but, at step 5, found that there is unskilled work which exists in significant numbers that Plaintiff is capable of performing.

## BURDEN OF PROOF

Initially, it was Plaintiff's burden to prove that he is unable to perform his past relevant work. Once that burden was met, the burden of proof shifted to the Commissioner:

> to prove with substantial evidence that the applicant has the RFC to do other kinds of work, and that his RFC, age, and so forth fit him to do some job that exists in the national economy. The grid, if applicable, establishes that jobs exist for certain kinds of people. The Secretary must still show that the claimant is a member of one of the groups described in the grid. This burden includes the duty to establish by medical evidence that the claimant has the requisite RFC.

*McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir.1982) (en banc). In *O'Leary v. Schweiker,* 710 F.2d 1334, 1338 (8th Cir. 1983), the Court wrote:

The Secretary's burden in this regard is twofold. He or she must first prove that the claimant retains the capacity to do other kinds of work, a burden which includes "the duty to establish by medical evidence that the claimant has the requisite RFC [residual functional capacity]." *McCoy v. Schweiker, supra,* 683 F.2d at 1147. The claimant's RFC is the claimant's physical capacity to do work which is defined in the Secretary's regulations as sedentary, light, medium, heavy, or very heavy. (FN4) If there is evidence that the claimant is also suffering from a nonexertional limitation, such as a mental, sensory or skin impairment, an environmental restriction, or pain, the Secretary's burden includes showing that these impairments do not preclude the claimant from performing other work.

Once the claimant's capabilities are established, the second aspect of the Secretary's burden is to demonstrate that there are jobs available in the national economy that realistically suit the claimant's qualifications and capabilities. *McMillian v. Schweiker, supra,* 697 F.2d at 221; *Cole v. Harris,* 641 F.2d 613, 614 (8th Cir.1981). In determining whether there are jobs available that a claimant can perform, the Secretary must consider the claimant's exertional and nonexertional impairments, together with the claimant's age, education, and previous work experience. *McMillian v. Schweiker, supra,* 697 F.2d at 221; *McCoy v. Schweiker, supra,* 683 F.2d at 1146–1148.

*See also Soth v. Shalala,* 827 F.Supp. 1415, 1417 (S.D.Iowa 1993).

In the case at bar, the ALJ found:

The claimant has the residual functional capacity to perform the exertional and nonexertional requirements of work except for lifting no more than 20 pounds occasionally, lifting no more than 10 pounds repetitively, alternating sitting and standing every hour, limited overhead lifting, and no quick head or neck movements. He has no difficulties in standing, walking, or sitting, and has had no effect on his memory or concentration or dealing with the public. The claimant is able to do

simple, routine, repetitive work but is unable to do complex, technical work. (20 C.F.R. §§ 404.1545 and 416.945).

Tr. P. 54. If Plaintiff's only impairment was the injury to his neck, with no nonexertional limitations, the ALJ's residual functional capacity finding would be supported by substantial evidence. On May 20, 1994, Plaintiff's treating neurologist, Michael L. Pogel, M.D., wrote that Plaintiff should be limited to lifting 45 pounds and that Plaintiff has no difficulty standing, moving about, walking, or sitting for an 8 hour work day. Tr. P. 234. That statement, however, is not the only evidence in the record regarding Plaintiff's ability to work on a sustained basis. On other occasions Dr. Pogel stated that Plaintiff is unable to do anything without suffering for it. For example, on April 14, 1994, it was noted that carrying a couple pieces of firewood can cause pain the next day. Tr. P. 232. On June 29, 1994, Dr. Pogel wrote that Plaintiff's chronic pain was getting worse. Tr. P. 238. In *McCoy, supra,* 683 F.2d at 1147, the Court wrote that residual functional capacity "is not the ability merely to lift weights occasionally in a doctor's office; it is the ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world".

■ Defendant argues that Dr. Pogel stated, several times, that he believed Plaintiff is disabled because he cannot be trained for a sedentary job. Defendant argues that those portions of Dr. Pogel's opinion which were outside of his area of expertise should be disregarded. This court agrees and has disregarded those portions of the record which state Dr. Pogel's opinion regarding Plaintiff's ability to be retrained for sedentary work or the existence of such work.

■ In addition to the injury to his neck, Plaintiff suffers from another severe impairment, the severity of which, in the opinion of the Court, the ALJ did not fully appreciate. The ALJ found that the severe impairments include "depression". When posing a hypothetical question for the vocational expert at the hearing, however, the ALJ told the vocational expert: "The claimant's depression is situational depression brought on by loss of a good steady income and frustration with his medical problems. However, such does not affect his memory or concentration or ability to deal with the public or co-workers or supervisors." Tr. P. 100. The ALJ's assessment is simply not supported by the medical evidence in the record. On March 16, 1994, Jerome F. Greenfield, M.D., Plaintiff's treating psychiatrist wrote a report of a psychiatric evaluation in which the Axis I diagnosis was Major Depression. Tr. P. 224. On May 20, 1994, Sue McNeil, Ed.D., a consultant for Disability Determination Services, opined that Plaintiff is moderately limited in his ability to maintain attention and concentration for extended periods, to work in coordination with or proximity to others without being distracted by them, the ability to interact appropriately with the general public, the ability to accept instructions and respond appropriately to criticism from supervisors, and the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. Tr. PP. 239–240. The vocational expert was told to ignore the limitations caused by Plaintiff's depression. In *Wilder v. Chater,* 64 F.3d 335, 337 (7th Cir.1995), Judge Posner wrote: "Severe depression is not the blues. It is a mental illness; and health professionals, in particular psychiatrists, not lawyers or judges, are the experts on it." It was error for the ALJ to substitute her judgement for that of the treating and consulting physicians regarding the severity of this illness. *Ness v. Sullivan,* 904 F.2d 432 (8th Cir.1990).

The hypothetical question was deficient in another regard. The ALJ told the vocational expert that Plaintiff is limited in overhead lifting. Tr. P. 99. James W. Hepplewhite, M.D., a consultant for Disability Determination Services, stated that Plaintiff is limited in reaching in *all* directions. Tr. P. 249. Dr. Hepplewhite's opinion is consistent with Plaintiff's sworn testimony that working with his arms in front of him hurts more than anything. Tr. P. 105.

■ Hypothetical questions which do not include all impairments and limitations do not constitute substantial evidence on the record as a whole to support the Commis-

sioner's decision. In *Ness v. Sullivan,* 904 F.2d 432, 435 (8th Cir.1990), the Court wrote:

> We have "repeatedly held that vocational testimony elicited by hypothetical questions that fail to relate with precision the physical and mental impairments of the claimant cannot constitute substantial evidence to support the Secretary's decision." *Bradley v. Bowen,* 800 F.2d 760, 763 n. 2 (8th Cir.1986). The ALJ's failure to include rest periods in his hypotheticals forecloses the use of the vocational expert's testimony to support the Secretary's decision in this case.

■ In the case at bar, the ALJ's failure to include the limitations caused by Plaintiff's depression and the inability to use his arms, "forecloses the use of the vocational expert's testimony to support the (Commissioner's) decision in this case." *Id.*

For all of the reasons mentioned above, this Court holds that the Commissioner did not fulfill the first prong of his burden, i.e. to prove, with medical evidence, that Plaintiff has the residual functional capacity to work in competitive employment.

## PLAINTIFF'S CREDIBILITY

The ALJ found that Plaintiff's testimony was not credible. Tr. P. 54. Plaintiff urges the Court to hold that the ALJ's finding is improper because it is not consistent with the factors agreed to in *Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984). Defendant makes the opposite argument. The Court agrees with Plaintiff. In *Delrosa v. Sullivan,* 922 F.2d 480, 485–86 (8th Cir.1991), the Court wrote:

> "It is well-settled 'that pain can cause disability within the meaning of the Social Security Act.'" *Johnson v. Secretary of Health & Human Servs.,* 872 F.2d 810, 812 (8th Cir.1989) (quoting *Northcutt v. Califano,* 581 F.2d 164, 166 (8th Cir.1978)). But because evidence of pain tends of necessity to be subjective in nature, it is for the ALJ in the first instance to evaluate the credibility to be accorded a claimant's subjective complaints of pain. *Id.* at 812; see *Landess v. Weinberger,* 490 F.2d 1187 (8th Cir.1974).

An ALJ, however, may not disregard a claimant's subjective complaints of pain solely because of a lack of objective evidence. *Tome v. Schweiker,* 724 F.2d 711, 713 (8th Cir.1984). To the contrary, the ALJ may discredit subjective complaints of pain only if they are inconsistent with the evidence on the record as a whole. *Rainey v. Bowen,* 814 F.2d 1279 (8th Cir.1987) (citing *Herbert v. Heckler,* 783 F.2d 128, 131 (8th Cir.1986)). Furthermore, where an ALJ rejects a claimant's testimony regarding pain, he must make an express credibility determination detailing his reasons for discrediting the testimony. *Prince v. Bowen,* 894 F.2d 283, 286 (8th Cir.1990) (citing *Lanning v. Heckler,* 777 F.2d 1316, 1317 (8th Cir.1985)). Under the prevailing Eighth Circuit standard, the ALJ must give full consideration to all evidence relating to the claimant's subjective complaints of pain, including the claimant's daily activities; the duration, frequency and intensity of pain; precipitating and aggravating factors; dosage, effectiveness and side effects of medication; and functional restrictions, *Polaski v. Heckler,* 739 F.2d 1320, 1321–22 (8th Cir.), *supplemented,* 751 F.2d 943 (8th Cir.1984), *vacated,* 476 U.S. 1167, 106 S.Ct. 2885, 90 L.Ed.2d 974, *adhered to on remand,* 804 F.2d 456 (8th Cir.1986), *cert. denied,* 482 U.S. 927, 107 S.Ct. 3211, 96 L.Ed.2d 698 (1987).

We have previously stated that "'an applicant need not be completely bedridden ... to be considered disabled.'" *Ludden v. Bowen,* 888 F.2d 1246, 1248 (8th Cir.1989) (quoting *Easter v. Bowen,* 867 F.2d 1128, 1130 (8th Cir.1989)); see also *Bishop v. Sullivan,* 900 F.2d 1259, 1262–63 (8th Cir. 1990). From our review of the record, we do not believe that Delrosa's modest activities are inconsistent with his allegations of pain. On remand, we advise the ALJ to consider the aggravating factor posed by the possibility that Delrosa's perception of pain is exacerbated by his psychological impairment. *Chitwood,* 788 F.2d at 1378; *Herbert v. Heckler,* 783 F.2d 128, 131 (8th Cir.1986) (citing *S.S.R.* 82–58 stating that "when alleged symptom-related limitations are clearly out of proportion to physical

findings ... the possibility of a severe mental impairment should be investigated." (Emphasis in original)).

■ In the case at bar, Plaintiff's testimony is completely consistent with all of the evidence of record. There is no evidence, substantial or otherwise, to suggest that Plaintiff was not being completely honest when testifying about his pain and depression. The same can be said of the testimony of Plaintiff's wife. The Court holds that the ALJ improperly discredited the testimony of Plaintiff and his wife. Furthermore, a review of Plaintiff's earnings history indicates a well-motivated wage-earner. Tr. PP. 154–156. The Eighth Circuit has repeatedly held that a worker who has good earnings is entitled to substantial credibility. See *Lanning v. Heckler*, 777 F.2d 1316, 1318 (8th Cir.1985); *Nunn v. Heckler*, 732 F.2d 645, 648 (8th Cir.1984).

### REMEDY

■ The Commissioner's decision is not supported by substantial evidence on the record as a whole. The Commissioner did not come forward with medical evidence which proves that Plaintiff has the residual functional capacity to engage in competitive work. Likewise, because the ALJ relied on the response to a defective hypothetical question, the Commissioner did not come forward with evidence that jobs exist which Plaintiff is able to perform. The record in this case contains a well written report from a qualified vocational expert, Margaret Donovan, M.S. Tr. PP. 265–279. This vocational expert considered all the medical evidence which is in the record before the court. Furthermore the vocational expert relied on "structured interviews with Mr. Shepard (sic) and his wife, Valerie". Tr. P. 274. The vocational expert concluded her report:

I believe it is within reasonable rehabilitation probability that Mr. Shepard (sic) will not be able to return to his previous work, or tolerate the physical demands of other unskilled, physical labor of either or light or sedentary weight requirements. This is due primarily to his current physical limitations which indicate the need to limit lifting, carrying, walking, sitting, stretch-

ing, and bending; alternate positions; limit head/neck movements, and avoid hyperextension of the neck. The existence of chronic pain, which appears to be exacerbated by physical activity, further reduces his options. His inability to perform many physical tasks preclude a return to work. Additionally, his rating of borderline intellectual functioning and lower performance than verbal accomplishment, further decrease his options because of the required levels of math, reasoning, and language skills for many sedentary and light unskilled occupations.

Tr. P. 274. In *Gavin*, 811 F.2d at 1200, the Court wrote: "where the total record is overwhelmingly in support of a finding of disability and the claimant has demonstrated his disability by medical evidence on the record as a whole, we find no need to remand." In *Bradley v. Bowen*, 660 F.Supp. 276, 279 (W.D.Ark.1987), Circuit Judge, now Chief Circuit Judge, Richard Arnold, sitting as a district court judge, wrote: "there are occasions when the bulk of the evidence is transparently one-sided against the ALJ's decision. In those instances, the reviewing court must reverse the administrative determination on the ground of unreasonableness." This is one of those instances.

Defendant's motion to affirm the Commissioner is denied. This cause is remanded to the Secretary for computation and payment of benefits.

The judgment to be entered will trigger the running of the time in which to file an application for attorney's fees under 28 U.S.C. § 2412(d)(1)(B) (Equal Access to Justice Act). See *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).