Henry M. SHEPHERD, SSN: 478–84–3269, Plaintiff,

v.

Kenneth S. APFEL,[1] Commissioner of Social Security, Defendant.

Civil No. 4–96–90541.

United States District Court, S.D. Iowa, Central Division.

Oct. 23, 1997.

---

1. President Clinton appointed Kenneth S. Apfel to serve as Acting Commissioner of Social Security, effective March 1, 1997, to succeed John J. Callahan. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kenneth S. Apfel is hereby substituted for John J. Callahan as defendant in this action.

George W. Appleby, Des Moines, IA, for Plaintiff.

John E. Beamer, Assistant U.S. Attorney, Des Moines, IA, for Defendant.

## MEMORANDUM OPINION REGARDING APPLICATION FOR ATTORNEY FEES

PRATT, District Judge.

The Court has before it the Plaintiff's counsel's Application for Authorization of Attorney's Fees, filed July 24, 1997. After a thorough review of the facts and the applicable law, the Court grants Plaintiff's counsel attorney fees in the amount of $2,340.00.

### I. Background

Plaintiff, in his initial application for Social Security, benefits, alleged an inability to engage in work activity as of January 26, 1993. Although Plaintiff did not file his application until April 8, 1994, he was denied benefits throughout the administrative process provided him. Plaintiff was represented by Mr. Appleby at both the administrative level and again when he sought Judicial Review in the District Court. This Court reversed the Commissioner's decision and awarded benefits to Plaintiff. *Shepherd v. Callahan,* 969 F.Supp. 526 (S.D.Iowa 1997). In reversing this case, the Court wrote inter alia, "The judgement to be entered will trigger the running of the time in which to file an application for attorney's fees under 28 U.S.C. § 2412(d)(1)(B) (Equal Access to Justice Act)." *Shepherd,* 969 F.Supp. at 531.

Plaintiff's Counsel, Mr. Appleby, filed an application for attorney fees on July 24, 1997. He recites that such application is filed "pursuant to 42 U.S.C. § 406(b)(1)(a)," and he requests that an amount "not to exceed 25% of the total past-due benefits to which the claimants entitled by reason of such judgment" be approved as "a reasonable attorney's fee in light of the success of the action and its history." Plaintiff's counsel, also attaches, pursuant to Local Rule of Practice. Rule 54.2A, a two and one-half page document depicting his time expended in representing Plaintiff at both the administrative and judicial reviews levels. The time claimed

is 77.90 hours. In the body of his application Plaintiff's counsel states that he estimates that Plaintiff's past-due benefits will be § 36.000.00 and therefore seeks a fee of $9,000.00. Mr. Appleby also attaches, to his application for fees, an affidavit of the Plaintiff. Henry M. Shepherd, which states "I fully support his application for 25% attorney fees in whatever amount, and I encourage the Court to grant his request." Plaintiff's counsel additionally seeks costs in the amount of $189.20.

In the Application for Authorization of attorney's Fees, filed July 24, 1997, Plaintiff's counsel makes reference to two separate sections of Title 28 seemingly to invoke the Equal Access to Justice Attorney's Fees Act, but no application has been filed by Plaintiff's counsel seeking reimbursement under that Act.

## II. Applicable Law

The Equal Access to Justice Act (EAJA) provides among other things that:

A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B). The Social Security Act, 42 U.S.C. 406(b)(1), provides among other things that Plaintiff's counsel may recover a fee for his work from a portion of the Plaintiff's past-due benefits not to exceed twenty-five per cent of those benefits due the Plaintiff and his family.

Since there is no time limit found in 42 U.S.C. 406(b)(*l*) regarding the timing of applications for Attorney Fees, the time limit for such applications is governed by the Federal Rules of Civil Procedure and the Local Rules of Practice of this Court. Local Rule of Practice 54.2 states as follows:

a. Time and Content. All post-judgment motions for an award of attorney fees shall be filed within the time required by Fed. R.Civ.P. 54(d)(2)(B). The claimed amount shall be supported by adequate itemization, including the amount of time claimed for any specific task as well as the hourly rate claimed. Expenses shall be separately itemized. The itemization shall also include a separate summary indicating how much total time was expended on each major category of work performed such as drafting pleadings, motions and briefs; legal research; investigation interviewing; trial preparation and trial.

Federal Rule of Civil Procedure 54(d)(2)(B) states as follows:

Unless otherwise provided by statute or order of the court, the motion must be filed and served no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought.

Although Plaintiff's counsel's application for fees pursuant to 42 U.S.C. § 406 is untimely, the court notes that the government has not raised any objection. Therefore, the Court will issue a ruling.

## III. Analysis

The Court is ever mindful of the singular purpose involved in enacting remedial legislation like the Social Security Act and the related attorney fee provisions embodied in the law at 42 U.S.C. § 406. This purpose is to assure competent counsel for the disabled and their families. It is important, in ruling in this case, to try to effectuate the intent of the Congress, in so far as possible, within the strictures of the words of the statute itself. The Eighth Circuit in commenting on the purpose of 42 U.S.C. § 406(b)(1), in *Burnett*

*v. Heckler,* 756 F.2d 621, 626 (8th Cir.1985), stated:

> Moreover, the statutory language and legislative history suggest that Congress sought to "encourage effective legal representation of claimants by insuring lawyers that they will receive reasonable fees directly through certification by the Secretary." *Dawson v. Finch,* 425 F.2d at 1196; see also Hearings on H.R. 6675 Before the Senate Committee on Finance, 89th Cong., 1st sess. 512–13 (1965) (attorney complaints that claimants sometimes receive awards without the attorney's knowledge and do not notify the attorney and do not pay the attorney's fee). Section 406(a) and (b) reflect a compromise-the Secretary must withhold and pay a reasonable attorney's fee directly to the attorney out of the claimant's past-due benefits in court awards, thus guaranteeing payment to the attorney and avoiding collection problems, but the amount of the attorney's fee that must be withheld and directly paid to the attorney is limited to a maximum of 25% of the past-due benefits.

In determining a "reasonable fee" within the meaning of 42 U.S.C. 406(b)(1), the Court must look to Eighth Circuit precedent for guidance as to what factors to consider in reviewing the record of the previous proceedings and the application of Plaintiff's attorney. *See Cotter v. Bowen,* 879 F.2d 359 (8th Cir.1989). In *Cotter,* a case wherein the plaintiff's counsel filed applications for attorney's fees under *both* the Social Security Act and under the Equal Access to Justice Attorneys Fee Act, and had previously obtained an award for his work performed before the agency, the Eighth Circuit gave clear guidance regarding the District Court's use of discretion in reaching a "reasonable fee" in any social security case. In *Cotter,* plaintiff's

counsel, like Plaintiff's counsel in this case, requested the full twenty-five per cent be paid as a result of his work. Pursuant to 42 U.S.C. 406(b)(1), the District Court allowed a fee of $120.00 per hour for thirty hours of court-related services, amounting to $3,600.00.[2] On appeal. Cotter's lawyer argued that the District Court's "lodestar" fee award should be increased based upon the contingency fee arrangement approved by the Plaintiff, the delay in obtaining a fee award, and the favorable results achieved on behalf of the Plaintiff. The Eighth' Circuit Court upheld the determination of the District Court, noting that a district court is often in the best position to evaluate counsel's services and ·fee request. particularly when the court has had the opportunity to observe first-hand counsel's representation on the substantive aspects of the disability claim. See *Cotter,* supra at p. 360. After reviewing what some other circuits have done with respect to Attorney fee matters in Social Security cases, the Eighth Circuit stated that the District Court had properly applied the twelve factors [3] initially set forth in *Johnson v. Georgia Highway Express. Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974), and referred to by the Supreme Court in *Hensley v. Eckerhart,* 461 U.S. 424, 430 n. 3, 103 S.Ct. 1933, 1937 n. 3, 76 L.Ed.2d 40 (1983).

The Circuit Court in *Cotter* discussed the contingency fee factor and stated:

> We agree with our sister circuits that [*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987) ] *Delaware Valley II*'s holding concerning contingency enhancements under the Clean Air Act should not be mechanically applied to Social Security fee determinations. While the 'rebuttable presumption'

---

**2.** The District Court had allowed an EAJA award of $2,572.50, and the EAJA award was not contested before the Eighth Circuit. *Cotter,* 879 F.2d at 362.

**3.** The twelve factors are:
(1) the time and labor required;
(2) the novelty and difficulty of the questions:
(3) the skill requisite to perform the legal service properly;
(4) the preclusion of employment by the attorney due to acceptance of the case;

(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) time limitations imposed by the client or the circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation, and ability of the attorneys;
(10) the "undesirability" of the case;
(11) the nature and length of the professional relationship with the client; and
(12) awards in similar cases.

and traditional "lodestar" approaches may in the end result in much the same "reasonable fee." we find the lodestar approach more consistent with the statutory mandate of a reasonable fee with 25% of past-due benefits representing the maximum, as opposed to the standard, attorney's fee.

*Cotter,* 879 F.2d at 363. The Eighth Circuit Court went on to comment on the *Hensley* Court's treatment of the *Johnson* twelve-factor test:

> In *Hensley,* the Supreme Court noted that while the *Johnson* factors may be employed to adjust the lodestar fee upward or downward, "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate."

■ In responding to the Application for Authorization of Attorney's Fees, the Court initially must determine the "lodestar," which arises as a product of reasonable hours times a reasonable hourly rate or "prevailing market rate." *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565, 106 S.Ct. 3088, 3098 (1986). In most cases, to decide a reasonable hourly rate, courts look first to the requesting attorney's own hourly rate in non-contingency fee cases or to the rates charged in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.

■ The court first notes that in the present case, as in the *Cotter* case and contrary to Local Rule 54.2, Mr. Appleby's application does not state his hourly rate. In situations such as this, the Eighth Circuit has on many occasions instructed trial courts to use their own knowledge about the lawyers who appear in their courts to determine the appropriate hourly rate and other factors relating to the determination of a reasonable fee. "The trial judge should weigh the hours claimed against his [or her] own knowledge. experience and expertise of the time required to complete similar activities." See *Gilbert v. City of Little Rock, Ark.,* 867 F.2d 1063, 1066 (8th. Cir.1989). Based upon its own knowledge, therefore, the Court finds that the hourly rate in the greater Des Moines area for a person of Mr. Appleby's skill, experience and reputation is $100.00 per hour.

■ Having determined the reasonable hourly rate, the Court has the authority to revise such rate up or down upon consideration of the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d at 717–719. As stated by the Eighth Circuit in *Cotter,* Plaintiff's counsel bears the burden of showing that the reasonable hourly rate, thus adopted, must be further enhanced to constitute a "reasonable fee." *Cotter,* 879 F.2d at 364, *citing Blum v. Stenson,* 465 U.S. 886, 898, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984). Plaintiff's attorney has not met this burden. The length of time expended, and the history of the claim, do not show that the results in this case were such as to demonstrate that this was a "rare case" or that the results were "exceptional." Further, with regard to the novelty and difficulty of the work, the Court finds that there were no novel or difficult legal issues raised by this case. Additionally, the Court finds the reasonable hourly rate of $100.00 per hour takes into account the contingent fee nature of the work involved in this case so as not to require an additional enhancement.

■ Fee settings by Courts should also necessarily take into account the actions of the particular lawyer who petitions for a fee in the case. *See Cotter,* 879 F.2d at 364. The Court believes, in this case, that it is appropriate to reduce the hourly rate from $100.00 per hour to $90.00 per hour as the Court finds that Plaintiff's counsel did not pursue Plaintiff's entitlement to reimbursement under the EAJA. Mr. Appleby's failure to seek fees from the government, rather than from Plaintiff, clearly affects both the quality, of his representation and the end result, as Plaintiff's past-due benefits are necessarily diminished.

A lawyer should remember at all times throughout court proceedings that it remains his or her duty to avoid conflicts of interest in fulfilling his duty to his client. Nowhere is there a greater conflict of interest involved than in the fee-settings involved in Social Security disability matters, especially when an attorney *only* seeks payment from his client and does not attempt to shift fee payment to the government. Plaintiff in this case prevailed and obtained an award of ben-

efits from the Commissioner of the Social Security Administration. In this Court's Order reversing the Commissioner's decision, Plaintiff's counsel was specifically advised, in the last paragraph of the opinion granting benefits, as follows:

> The judgment to be entered will trigger the running of the time in which to file an application for attorney's fees under 28 U.S.C. § 2412(d)(1)(B) (Equal Access to Justice Act.).

Plaintiff's Counsel therefore was alerted to the fact that he could, and should, file an application for Attorney Fees under the EAJA. Plaintiff's counsel failed to file an EAJA application stating, in the hearing held on the fee application, "I didn't think it was necessary." *See* Hearing Transcript at 5. Clearly, filing such an application was necessary to protect the interests of Plaintiff. As noted by the government in the hearing on attorney fees "of course, the government really doesn't have an interest in this fee because it comes out of the Plaintiff's pocket." *See* Hearing Transcript at 3. The only person able to protect the interests of Plaintiff was his counsel. By failing to file an EAJA application Plaintiff's counsel denied him the possibility, of retaining his entire award of past-due benefits.

The Court finds Plaintiff's counsel's failure to file an EAJA application distressing. It is unfortunate enough that the so many social security claims are wrongfully denied by the Commissioner. *See Taylor v. Heckler,* 608 F.Supp. 1255, 1256 (D.N.J.1985) Once such a decision has been reversed, attorneys representing Social Security claimants need to continue the zealous representation of their clients by filing EAJA applications to prevent further reducing the disabled person's past-due benefits. The effect of filing an EAJA application, had Plaintiff's Counsel done so, would have been to place upon the Government the burden to show that its administrative position, in denying Mr. Shepherd disability benefits, was reasonable in both fact and law. The Government would also have been required to show that its litigation position, in defending the Commissioner's decision was, again, reasonable in both fact and law. *See Cornella v. Schweiker,* 728 F.2d 978, 981–82 (8th. Cir.1984). If the government failed to meet its burden, then the

government, not Plaintiff, would be responsible for paying counsel's attorney fees *See Talbott v. Bowen,* 832 F.2d 111, 112 (8th Cir.1987) (holding that "claimant's counsel may receive the maximum of the greater amount found to be reimbursable under the EAJA, or the 25%" [entitlement under 42 U.S.C. § 436(b)(1) ] ... If claimant's counsel's fee under the EAJA ... exceeds the amount of the contingent fee contract, then counsel will not collect anything from the claimant's back benefits.) In effect, then, the filing of the EAJA application may have allowed Plaintiff to retain his *all* past-due benefits, without having to expend a large portion of it paying attorney fees.

Case law in this area clearly demonstrates that the EAJA was enacted specifically to deter unreasonable behavior by the United States government and its various agencies, and to require such agencies to follow the law or suffer the consequences. *See e.g. Hillhouse v. Harris,* 715 F.2d 428, 430 (8th Cir.1983). In *Pierce v. Underwood,* 487 U.S. 552, 575, 108 S.Ct. 2541, 2555, 101 L.Ed.2d 490 (1988), Justice Brennan wrote in his concurring opinion about the reason for the enactment of the EAJA:

> Concerned that the Government, with its vast resources, could force citizens into acquiescing to adverse Government action, rather than vindicating their rights, simply by threatening them with costly litigation, Congress enacted the EAJA, waiving the United States' sovereign and general statutory immunity to fee awards and creating a limited exception to the "American Rule" against awarding attorneys fees to prevailing parties. S.Rep. No. 96–253, pp. 1–6 (1979) (S.Rep.). Consequently, when a qualified party (as defined in the Act) prevails against the United States in an adversarial proceeding not sounding in tort, the EAJA prescribes that "a court shall award ... fees and other expenses ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Clearly when the District Court has reversed the decision of the Commissioner, a Social Security claimant's attorney should be

alerted to the fact that the actions by the United States may have been unreasonable in both fact in law; thus, triggering the application for EAJA fees. Further, attorneys practicing in this area of law should be aware that a majority of EAJA award, are granted in Social Security Cases. *See Commissioner v. Jean,* 496 U.S. 154, 165 n. 12, 110 S.Ct. 2316, 2322 n. 12, 110 L.Ed.2d 134 (1990) (Justice Stevens' opinion stating that "ninety percent of EAJA fee awards are made in cases involving the Department of Health and Human Services."). The high level of awards in this area results specifically because of the strong historic of non-acquiescence of the Social Security Administration. *See e.g. Hillhouse v. Harris,* 715 F.2d at 430 ("It is, emphatically, the province and duty of the judicial department, to say what the law is," *Marbury v. Madison,* 1 Cranch 137, 177, 2 L.Ed. 60 (1803), and the Secretary will ignore that principle at his peril."); *Hutchison v. Chater,* 99 F.3d 286, 287 (8th Cir.1996) (stating that "Regardless of whether the Commissioner formally announces her acquiescence, however, she is still bound the law of this Circuit and does not have the discretion to decide whether to adhere to it"); *Rogers v. Chater,* 118 F.3d 600, 602 (8th Cir.1997) (stating "The Commissioner's policy of non-acquiescence is flagrantly unlawful" and "To the extent decisions from that agency do not comport with this Court's holdings, they are in error."). With this knowledge, it is imperative that attorneys representing Social Security plaintiff's either file an EAJA application or have a sound reason for not doing so. Such applications are the only way to fully insure that a disabled person will not needlessly have their benefits reduced as a result of the government's maintaining an unreasonable position.

In issuing this decision, the Court has had the benefit of reviewing Judge Sarokin's well thought-out opinion in *Taylor v. Heckler,* 608 F.Supp. 1255 (D.N.J.1985). In that case, the court was faced with exactly the same dilemma this Court has to confront. A disabled claimant had prevailed at the district court

level, and his lawyer did not file an application for attorney fees under the EAJA. In addressing the issues in that case, Judge Sarokin wrote of the conflict that claimant's lawyer faced in this situation and of his own treatment of fee applications in Social Security cases:

> The court scrutinizes applications such as these with particular care because the interests of the attorney and her client "are inherently in conflict" in Social Security cases. (citations omitted.) Of course, such conflict peaks at the point at which the attorney requests a fee to be deducted, dollar-for-dollar, from the award of back benefits to which the claimant is entitled. Moreover, having entered into a contingent fee arrangement for services culminating in a result in his or her favor, a claimant is unlikely to challenge the attorney's fee requested, as long as it is in accord with such agreement.

*Taylor,* 608 F.Supp. at 1258. Judge Sarokin further wrote, at 1256: "... it is incumbent upon counsel to pursue [EAJA] or justify the failure to do so." This, of course, is essential because, as former Chief Judge, William C. Stuart, of the Southern District of Iowa noted. "the people in plaintiff's position (terminated disabled people) are typically among the least able in our society to sustain the burden of such debts." *Bass v. Heckler,* 593 F.Supp. 386, 388 (S.D.Iowa 1984) (*citing York v. Secretary of Health and Human Services,* 582 F.Supp. 768, 769 (W.D.Mo. 1984)). This Court agrees.

The Court believes that Plaintiff's counsel had an obligation to file an EAJA application consistent with his duties to his client. The time to do so has now run [4] and accordingly the Court's consideration is limited to the application under the Social Security Act, 42 U.S.C. 406(b)(1). Since Plaintiff's counsel did not file an EAJA application, nor did he provide justification for failing to do so, the Court finds that a reduction in the lodestar amount is appropriate. The Court recognizes the imperative need to attract lawyers

---

4. As stated earlier, 28 U.S.C. 2412 et seq. provides that a party seeking attorney fees under that statute will have thirty days to file its application after the judgment becomes final. As the Supreme Court announced in *Shalala v. Schae-*

*fer,* 509 U.S. 292, 295, 113 S.Ct. 2625, 2628, 125 L.Ed.2d 239 (1993), the time for Plaintiff to file his EAJA application was triggered on July 1, 1997, by the Court's order and the Clerk's entry of Judgment pursuant to FRCP 58(2).

to represent disabled persons and understands that to do so requires the payment of reasonable attorney fees sufficient to provide a continuing incentive to be a vigorous and competent advocate for his or her clients. However, the Court is equally cognizant of the duty of these lawyers to protect the interests of their clients throughout all of the legal proceedings, Thus, when an attorney fails to do just that, the Court finds that it is appropriate to lower his or her fee accordingly. Therefore, in calculating Plaintiff's attorney fees, the Court is going to consider Plaintiff's attorney's failure to file an application under the Equal Access to Justice Act.

■ Reviewing the hours Plaintiff's attorney claims he has spent on this case before the Court and the agency, the Court notes that the attachments show a total time expended of 77.90 hours. Of those hours. 46.10 were spend doing legal work before the Court. The documentation that Plaintiff's attorney has provided regarding those 46.10 hours is not helpful to the Court in determining a reasonable fee. Courts have generally held that attorneys seeking fees under federal fee-shifting statutes present to the court fee applications that "include contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work with supporting documents, if any." *In Re Donovan,* 877 F.2d 982, 994 (D.C.Cir.1989). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Plaintiff's counsel, in his attachment to his fee application, lists eight separate entries that state: "preparation of brief or preparation of reply brief" that total 38.5 hours. This example of "block-billing" does not adequately inform the court as to what Plaintiff counsel did and does not conform with local rule of practice 54.2(a). *See Houghton v. Sipco, Inc.,* 828 F.Supp. 631, 643 (S.D.Iowa 1993). Accordingly, the Court will reduce the claimed hours to reflect a more realistic and detailed recital of actual work performed.

The Court also finds it important to address the affidavit submitted by Plaintiff with counsel's application for attorney's fees. Clearly a Plaintiff who has won any award is likely to be appreciative of his attorney's services and is unlikely to object to any fee arrangement suggested by such attorney. "Rightly or wrongly, he will usually give the lawyer all of the credit for success in wining an award of benefits for him." See *Taylor,* 608 F.Supp. at 1258 (citing *Lewis v. Secretary, of Health and Human Services,* 707 F.2d 246. 248 (6th. Cir.1983)). Following this same reasoning, the Court attaches no significance to the Plaintiff's affidavit.

■ Based on the foregoing, it is the Court's finding that Plaintiff's Counsel should be compensated at the rate of ninety dollars ($90.00) per hour, for twenty-six hours of work.[5]

IT IS, THEREFORE, ORDERED THAT the Commissioner Certify and pay to Plaintiff's counsel the sum of two thousand, three hundred and forty dollars and no cents. Plaintiff's application as to costs of one hundred, eighty-nine dollars is denied as the court is without jurisdiction to award such costs.

IT IS FURTHER ORDERED THAT Plaintiff's counsel's claim for attorney fees spent for work before the Commissioner is denied as the Court is without jurisdiction to award such fees.

---

**5.** Counsel in this case attempts to obtain payment of work performed before the Social Security Administration. As the Eighth Circuit and others have announced the Court is without jurisdiction to provide payment to lawyers for that kind of work. *See Fenix v. Finch,* 436 F.2d 831, (8th Cir.1971). *See also Cotter,* 879 F.2d at 361 (stating the issue of attorney fees for services before the Secretary is exclusively the responsibility of the Secretary, and compensation for work before the agency may only be authorized by the agency) (citing *Gowen v. Bowen,* 855 F.2d 613, 618 (8th Cir.1988)).