Odis ROSS, Plaintiff–Appellee,

v.

DOUGLAS COUNTY, NEBRASKA, Defendant–Appellant.

No. 00–2688.

United States Court of Appeals, Eighth Circuit.

Filed: March 22, 2001.

Jennifer Kay Johnson, Omaha, NE, for appellant.

Thomas F. Dowd, Omaha, NE, for appellee.

BEFORE: McMILLIAN, LAY, and ROSS, Circuit Judges.

## ORDER OF ATTORNEY FEES

PER CURIAM.

This matter comes before the court on application of plaintiff's counsel for attorney fees to be awarded on appeal in this Title VII case. *See* 42 U.S.C. § 2000e–5(k) (1994). This court affirmed a jury verdict in favor of the plaintiff on December 11, 2000. The jury awarded the plaintiff $52,175.48 for back pay plus $100,000.00 for emotional distress and mental anguish. The district court amended its judgment to add $5,288.92 in prejudgment interest. At the same time, the court awarded plaintiff $53,025.00 in attorney fees. Plaintiff's counsel now seeks additional fees in the amount of $19,800.00 for his services on appeal. That figure is based upon the expenditure of eighty-eight hours at the rate of $225.00 per hour.

■ We note that the district court awarded attorney fees at the rate of $175.00 per hour, finding

that the hourly rate of $175 for plaintiff's counsel is consistent with the prevailing rates for attorneys in civil rights cases in Omaha, Nebraska, and is appropriate and justified in light of the complexity and originality of the legal issues involved in this civil rights action and the results obtained by counsel.

*Ross v. Douglas County,* No. 8:98CV530 (D.Neb. June 5, 2000). We find that the hourly rate on appeal should reflect the same hourly rate as allowed by the district court and, therefore, this court awards attorney fees for counsel's services on appeal at the rate of $175.00 per hour for eighty-eight hours for a total of $15,400.00.

■ Counsel has a contingent fee contract for 50% of the total judgment, includ-

ing interest and attorney fees awarded by the district court and by this court on appeal. A close examination of the contingent fee contract in light of the district court's Amended Judgment reveals that counsel asserts 50% of the overall verdict plus pre-judgment interest and in addition, seeks to charge as part of the contingent fee contract 50% of the court awarded attorney fees. That result is contrary to precedent in this circuit and triggers our responsibility to exercise supervisory power over attorney fees.

■ The Supreme Court has cautioned the federal judiciary that contingent fee contracts in civil rights cases should be monitored so that the attorneys are compensated only for the reasonable expenditure of hours on a given case. *See City of Riverside v. Rivera*, 477 U.S. 561, 580–81, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986). This admonition is said to provide safeguards to protect against a windfall to civil rights attorneys. *See id.* Support for this holding is found in the legislative history of the Civil Rights Act of 1964. *See id.* Accordingly, this court exercises its supervisory powers to ensure that contingency fee contracts are fair and reasonable. *See International Travel Arrangers, Inc. v. Western Airlines, Inc.*, 623 F.2d 1255, 1277–78 (8th Cir.1980).

In *Talbott v. Bowen*, 832 F.2d 111 (8th Cir.1987), we found that where there exists a contingent fee contract along with a reimbursable attorney fee award under the Equal Access to Justice Act (EAJA), claimant's counsel is not entitled to receive both fees. Rather, counsel is limited to the award under the EAJA or the fee under the contract, whichever is greater. *See id.* If counsel's fees under the EAJA exceed the amount of the contingent fee contract (based upon back pay benefits), then counsel collects the court awarded fees in lieu of the contingent fee amount. *See id.* However, if attorney fees awarded under EAJA are less than what counsel would collect under the contingent fee contract, then counsel is entitled to the contingent fee amount. In the latter case, counsel may collect the EAJA award from the defendant and may also collect the difference between the contingent fee and the EAJA award from the claimant. *See id.* We follow the guidelines set forth in *Talbott* to calculate the appropriate attorney fees in this case.

To determine the appropriate sum of attorney fees in this case we must first calculate what counsel would collect under the contingent fee contract and compare it with the court awarded fees under 42 U.S.C. § 2000e–5(k). The greater of those fees is the sum to which counsel is entitled in this case.

■ We find counsel's contingent fee formula, which asserts 50% of plaintiff's gross recovery, including court awarded attorney fees, unreasonable and in error. *See Jackson v. Rheem Mfg. Co.*, 904 F.2d 15, 17 (8th Cir.1990); *Wilmington v. J.I. Case Co.*, 793 F.2d 909, 923 (8th Cir.1986). Although the contingent fee contract may recite otherwise, we feel that attorney fees should be treated separately from the amount awarded to the plaintiff by the jury. In reviewing plaintiff's contingent fee contract and assessing the reasonableness of such a fee based upon the evidence and law presented, it is our position that counsel's contingent fee is limited to 50% of the plaintiff's gross recovery, less any attorney fees awarded by the district court and by this court on appeal. By reducing the contingent fee in this manner, we adhere to the Supreme Court's direction to monitor contingency fee arrangements to ensure attorneys are compensated for time and reasonable expenditures on a given case.

■ Thus, according to our reading of the contract, counsel's contingent fee is based on damages and pre-judgment interest awarded to the plaintiff by the district court in the amount of $157,464.40. This includes $52,175.48 for back pay, $100,000.00 for emotional distress and mental anguish, and $5,288.92 for pre-

judgment interest. Counsel's contingent fee is 50% of that recovery, or $78,732.20.[1]

The court awarded attorney fees in this case include $53,025.00 from the district court and this court's award of $15,400.00, for a total of $68,425.00. Therefore, the greater sum of attorney fees is found under the contingent fee contract.[2] Under this court's calculation, the difference between the contingent fee award of $78,732.20 and the court awarded fees of $68,425.00 is $10,307.20. The total attorney fee awarded in this case should be apportioned as follows:

> $68,425.00 in court awarded fees to be paid by Douglas County

> $10,307.20 representing the difference between the contingent fee on the verdict and the court awarded fees, which counsel may collect from the plaintiff

On this basis, plaintiff's counsel is entitled to a total of $78,732.20.[3] In other words, counsel is to receive the court awarded fees to be paid by Douglas County and those fees shall be enhanced by $10,307.20, which will be paid by the plaintiff. By calculating the attorney fees in this manner, we find that the plaintiff's counsel will be fairly and adequately compensated without receiving an unreasonable recovery.

The cause is remanded to the district court for determination of the overall attorney fees to be awarded in accordance with this Order.

IT IS SO ORDERED.

---

1. We feel generally a maximum fee of 40% under a contingent fee contract is far more reasonable than the 50% contained in this contract. However, in view of the difficult issues presented in this case, we provide an exception and approve, in this limited instance, the use of a 50% contingent fee contract.

2. Under counsel's theory, he would compute his attorney fee to be $78,732.20 plus 50% of the court awarded fees ($68,425.00), thus adding another $34,212.50, or a total of $112,944.70.

3. Counsel also is entitled to include in his contingent fee 50% of any post-judgment interest allowed by the district court based on the jury verdict.